Filed 8/27/21  P. v. McCowan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br>v.<br><br>RAYMOND BEPLAND MCCOWAN,<br><br>　　　　Defendant and Appellant. | A157835<br><br>(San Mateo County<br>Super. Ct. No. SC071579A) |

Penal Code section 1170, subdivision (d) (section 1170(d))[1] authorizes a trial court to modify a defendant's sentence upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation (CDCR) that it "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."  (§ 1170, subd. (d)(1); *People v. McCallum* (2020) 55 Cal.App.5th 202, 205–206 (*McCallum*).)  In the case before us, the CDCR pointed out to the trial court a clerical error in an abstract of judgment and asked for clarification.  The trial court denied the request of defendant Raymond Bepland McCowan to be resentenced under section 1170(d), concluding the CDCR's letter was not a recommendation for recall and

---

[1] All references are to the Penal Code.

1

resentencing. We conclude the trial court correctly concluded it lacked jurisdiction to resentence McCowan, and accordingly we dismiss the appeal as from a nonappealable order.

## BACKGROUND

A jury convicted McCowan in October 2012 of willful infliction of injury on his spouse (§ 273.5, subd. (a); count 1) and assault with a deadly weapon, a hammer (§ 245, subd. (a)(1); count 2) and found true an allegation that he personally used a deadly and dangerous weapon, a hammer, in the commission of count 1 (§ 12022, subd. (b)(1)). The court found that counts 1 and 2 were serious felonies within the meaning of section 1192.7, subdivision (c)(23), and found true allegations that McCowan had suffered prior strike (§ 1170.12, subd. (c)(2)) and serious felony (§ 67, subd. (a)) convictions between 1982 and 1989.

On May 9, 2013, the trial court sentenced McCowan on count 1 to 25 years to life in prison under the Three Strikes Law. It imposed the same sentence for count 2 but stayed it pursuant to section 654. On the enhancements, the court imposed two additional five-year terms for prior convictions and an additional one year for use of a weapon, for a total term of 36 years. The court ordered the sentence in this case to run concurrently with a separate sentence McCowan was then serving based on a conviction in another county. This sentence was reflected in the minute order. McCowan appealed and Division Three of this court affirmed the judgment in 2015 (*People v. McCowan* (Mar. 11, 2015, A138648) [nonpub. opn.]), and the Supreme Court denied review on July 8, 2015 (S225903).

The abstract of judgment contained a clerical error that was apparently not discovered until long after the judgment was final. Rather than

2

indicating the sentence for count 2 was stayed as ordered by the trial court, the abstract stated it was concurrent with the sentence for count 1.

In 2019, a correctional case records manager in the CDCR's Division of Adult Institutions Legal Processing Unit wrote a letter informing the trial court that "the Abstract of Judgment and/or Minute Order may be in error, or incomplete," because the abstract of judgment reflected a concurrent sentence for count 2 and the sentencing transcript and minute order reflected a stayed sentence. The letter asked the trial court, "Please clarify," and in a final paragraph said, "Please review your file to determine if a correction is required. When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices," citing *People v. Hill* (1986) 185 Cal.App.3d 831 (*Hill*). The CDCR asked to be provided with a certified copy of any minute order or modified abstract of judgment.

Based on the CDCR's letter, McCowan asked the trial court to resentence him and strike the five-year enhancements under section 667, subdivision (a), explaining that, under a change in the law made after he was sentenced, trial courts now have discretion to strike such enhancements. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971; Stats. 2018, ch. 1013, § 1.)

The trial court denied McCowan's request on June 26, 2019, explaining that the case was final, that the CDCR's letter merely pointed out a clerical error in the abstract of judgment, and that the court did not have authority under section 1170(d) to resentence him and was not doing so. The court ordered the abstract of judgment corrected to reflect a stayed sentence for count 2. McCowan purports to appeal from this order.

3

## DISCUSSION

Section 1170(d) provides an exception to the general rule that the court loses jurisdiction to resentence once execution of sentence has begun. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) A trial court may recall a sentence and resentence a defendant on its own motion within 120 days of the date of commitment, or upon the recommendation of specified persons including the CDCR's secretary "at any time." (§ 1170(d)(1); *People v. Magana* (2021) 63 Cal.App.5th 1120, 1125–1126 (*Magana*).)

When a defendant is resentenced under section 1170(d), the trial court is entitled to consider the entire sentencing scheme (*Hill, supra*, 185 Cal.App.3d at p. 834; *Magana, supra*, 63 Cal.App.5th at p. 1124; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893–895 [under § 1170(d), resentencing court reevaluates applicability of enhancements at the time of resentencing].) Applying this rule, the court in *Hill* concluded that, after the CDCR notified the trial court a sentence was illegal because it contained a consecutive upper term for one of the subordinate counts, the court was not limited to striking the illegal portion of the sentence but could properly recalculate the terms for all subordinate counts. (*Hill*, at pp. 833–834.)

McCowan contends the mention in the CDCR's letter of *Hill*'s rule served to return jurisdiction to resentence him under section 1170(d). That is so, he argues, because the letter implicitly suggested a concurrent sentence would be illegal under section 654. We are unpersuaded. Despite the reference to *Hill*, which the trial court characterized as "boilerplate," the letter did not suggest the sentence imposed was illegal or should be recalled; rather, it asked for clarification of the discrepancy between the sentencing record and the abstract of judgment. And the transcript of the sentencing hearing leaves no doubt that the court *stayed* sentence on count 2 under

4

section 654 and that the abstract of judgment's specification of concurrent terms was a mere clerical error.

Resentencing is not necessary to remedy clerical error in an abstract of judgment. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*).) A court may correct a clerical error in an abstract of judgment at any time. (*Ibid.*)

*People v. Humphrey* (2020) 44 Cal.App.5th 371 (*Humphrey*) demonstrates that an order remedying such a clerical error is properly made without recalling the sentence or resentencing and does not affect the finality of the judgment, even when it is the CDCR that points out the error. The defendant there was sentenced for several offenses, with a total term of 19 years, but the listing of the parts of the term attributable to the individual counts in the abstract of judgment did not track the sentence imposed. (*Id.* at pp. 374–375.) A correctional case records manager in the CDCR's Legal Processing Unit later wrote to the superior court indicating the abstract of judgment might contain an error. (*Id.* at p. 375.) The trial court treated the matter as the correction of a clerical error in the abstract of judgment and ordered it amended to reflect the correct sentence. (*Id.* at pp. 375–376.) The defendant moved for resentencing, arguing the court should exercise its newfound discretion to strike a firearm enhancement under a recently enacted law, and the trial court denied the motion on the ground the new law did not apply to cases that were already final. (*Id.* at p. 376.)

On appeal, the defendant argued the trial court's action at the hearing at which it amended the abstract of judgment constituted a recall of his sentence and resentencing under section 1170(d) on the recommendation of

the CDCR, and his case was therefore not final. (*Humphrey*, *supra*, 44 Cal.App.4th at p. 377.) The appellate court rejected this contention, concluding that the court "merely was correcting the abstract of judgment" and "did not change [the defendant's] sentence whatsoever." (*Id*. at p. 380.)

A similar result is seen in the recent case of *Magana*, in which the CDCR asked the trial court whether " 'a correction is required,' " without any mention of a recall, resentencing, or section 1170(d)(1); because the CDCR did not recommend a recall and more than 120 days had passed since the date of commitment, the appellate court concluded, "the trial court lacked authority to recall defendant's sentence." (*Magana*, *supra*, 63 Cal.App.5th at pp. 1125–1126.) The order correcting the abstract therefore did not affect the finality of the judgment and the court could not retroactively apply subsequent changes in the law allowing enhancements to be stricken. (*Id*. at pp. 1126–1127.) The court contrasted cases in which the Secretary of the CDCR specifically recommended a trial court resentence a defendant. (*Id*. at p. 1125, citing *McCallum*, *supra*, 55 Cal.App.5th at p. 206 [Secretary recommended sentence be recalled based on defendant's exemplary conduct in prison]; *People v. Arias* (2020) 52 Cal.App.5th 213, 217 & fn. 4 [Secretary recommended recall based on legal error in imposition of enhancements]; *People v. Loper* (2015) 60 Cal.4th 1155, 1158 (*Loper*) [recommendation of recall under § 1170, subd. (e) based on defendant's terminal illness].)

*Humphrey* and *Magana* are persuasive, and we follow them here. The problem pointed out in the CDCR's letter was not an illegality or error in McCowan's sentence, it was a simple clerical error—a check placed in the wrong box of the abstract of judgment that purported to summarize the sentence. (See *Mitchell*, *supra*, 26 Cal.4th at p. 185; compare *Hill*, *supra*, 185 Cal.App.3d at p. 833 [illegal sentence].) McCowan makes no claim the

6

sentence imposed and reflected in the sentencing transcript and minute order was illegal or erroneous. The only problem was that the abstract of judgment did not conform to it. We conclude that the request for clarification by a correctional case records manager did not constitute a "recommendation of the secretary" that the trial court "recall the sentence and commitment previously ordered and resentence the defendant." (§ 1170(d).) The trial court correctly ruled that it had no jurisdiction to recall the sentence.

Having reached this conclusion, we consider whether the proper disposition is to affirm the order or dismiss the appeal. The court in *Magana* recently concluded that where a trial court merely corrected a clerical error in the abstract of judgment pointed out by the CDCR, the court lacked jurisdiction to resentence and, as a result, the order denying a motion for a resentencing hearing did not affect defendant's substantial rights and was not an appealable order. (*Magana*, *supra*, 63 Cal.App.5th at pp. 1127–1128, citing *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; compare *People v. Frazier* (2020) 55 Cal.App.5th 858, 863, fn. 2 [order declining to follow Secretary's recommendation is appealable]; *Loper*, *supra*, 60 Cal.4th at p. 1158 [where proceeding to recall sentence under compassionate release provision of section 1170, subd. (e) is "properly initiated" by prison authorities, order denying CDCR recommendation is appealable].)

Here, more than 120 days had passed since McCowan was committed, the judgment was final, and the Secretary of the CDCR did not point out an illegality or otherwise recommend recall of his sentence. The trial court therefore lacked jurisdiction to resentence McCowan. The correct disposition is not to affirm the order but to dismiss the appeal as from a nonappealable order.

## DISPOSITION

The appeal is dismissed.


                                            TUCHER, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.