Filed 5/19/22  P. v. Castro CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B316042 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA086356) |
| v. | |
| ERNESTO MARIO CASTRO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Dismissed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Ernesto Mario Castro appeals from an order denying his motion to recall his sentence and resentence him pursuant to Penal Code[1] section 1170, subdivision (d).  Because the order is nonappealable, we dismiss the appeal.

## BACKGROUND

On August 16, 2016, the People charged defendant with two counts of robbery, shooting at an occupied vehicle, carrying a concealed firearm, and two counts of burglary.  With respect to both robberies, the People alleged defendant personally used a firearm within the meaning of section 12022.53, subdivisions (c) and (b).

On February 21, 2017, defendant pleaded no contest to one count of robbery and to shooting at an occupied vehicle. Defendant also admitted the section 12022.53, subdivision (b) enhancement.  A plea form indicates that the parties agreed to a 13-year sentence, and the trial court imposed a 13-year sentence, consisting of three years for the robbery and 10 years for the section 12022.53 enhancement.  The court ordered a three-year sentence for shooting at an occupied vehicle to run concurrently. The court dismissed the remaining counts.

On September 21, 2021, defendant filed a motion to recall his sentence pursuant to section 1170, subdivision (d).  Defendant requested the trial court strike the section 12022.53, subdivision (b) enhancement.  The trial court denied the motion concluding it had no jurisdiction over the matter.  In his notice of appeal, defendant argued that he "has a right to file [a section] 1170(d)(1)

---

[1]  All statutory citations are to the Penal Code.

motion to ask [the] trial judge for retroact[ive] relief to end racism in sentencing."

Appellate counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) identifying no issues.  Defendant filed a supplemental brief, stating that he did not want his attorney to file a *Serrano* brief, but instead wanted her to file a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Defendant mentioned that he was seeking racial equity in sentencing and that his case followed a change in the sentencing law.

## DISCUSSION

When a defendant's appointed counsel files a brief raising no issues in an appeal of a denial of postconviction relief, we follow the procedures set forth in *Serrano*, *supra*, 211 Cal.App.4th 496.  We are not obligated to review the record independently to determine whether there are any arguable issues on appeal.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278.)  The defendant has a right, however, to file a supplemental brief.  (*Ibid*.)  If the defendant files a supplemental brief, we evaluate the arguments on the merits.  (*Id.*, at pp. 1039–1040, review granted.)

When defendant filed and the trial court denied defendant's motion to recall his sentence, the applicable law did not give defendant standing to file such a motion.  (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726.)  Additionally, the trial court had no jurisdiction because defendant filed his motion more than 120 days after the date of commitment.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1165 ["section 1170(d) provides that the trial court loses jurisdiction to resentence on its own motion after 120 days has elapsed"].)  The trial court's order denying a

3

section 1170, subdivision (d) motion is not appealable. (*People v. Loper* (2015) 60 Cal.4th 1155,1165–1666; *Chlad, supra,* 6 Cal.App.4th at pp. 1725–1726.) Because this is an appeal from a nonappealable order, we dismiss the appeal for lack of jurisdiction. (*People v. Durham* (1969) 70 Cal.2d 171, 176, fn. 1.)

Although the Legislature amended section 1170, subdivision (d) effective January 1, 2022, the amendment does not apply to defendant. It permits a trial court to consider a petition for resentencing filed by a defendant, who was under 18 years at the time of the commission of the offense and sentenced to prison for life without the possibility of parole.[2] Defendant was 20 years old when he committed the offense and was not sentenced to life without the possibility of parole. Defendant also did not base his motion to recall his sentence on these grounds.

On the merits, defendant's supplemental appellate brief identifies no cognizable issue. Defendant identifies no change in the sentencing law applicable to him. The fact that defendant did not want his attorney to file a *Serrano* brief demonstrates neither error in the trial court's denial of his motion to recall his sentence nor that the challenged order is appealable.

---

[2] Section 1170, subdivision (d)(1)(A) currently provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

MORI, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.