Filed 6/21/22  P. v. Willis CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEVIN FITZGERALD WILLIS,<br><br>        Defendant and Appellant. | A163760<br><br>(San Mateo County<br>Super. Ct. No. SC020841A) |

Defendant Kevin Fitzgerald Willis appeals after the trial court denied his petition for resentencing under Penal Code section 1170, subdivision (d).[1] His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a supplemental brief.  We conclude the order before us is not appealable, and we accordingly dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

As we explained in considering a prior appeal brought by defendant (*People v. Willis* (Sept. 29, 2021, A160625) [nonpub. opn.] (*Willis II*)), in 1989 the trial court found defendant guilty of first degree murder (§ 187), and found true a special circumstance that the murder was committed in the

---

[1] All statutory references are to the Penal Code.

course of a robbery or attempted robbery (§§ 190.2, subd. (a)(17); 211) and allegations that he personally used a deadly and dangerous weapon, a knife (former § 12022, subd. (b)), that he personally and intentionally inflicted great bodily injury on the victim in commission of the murder (§ 1203.075), and that he had suffered a prior felony conviction and resulting prison term (§ 667.5, subd. (b)).  Defendant received a sentence of life imprisonment without parole.  This division affirmed the judgment on March 16, 1990.  (*People v. Willis* (Mar. 16, 1990, A045985) [nonpub. opn.] (*Willis I*).)

In 2019, defendant filed a petition for resentencing under section 1170.95, which authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file a petition to have the murder conviction vacated, if appropriate under recent amendments to the felony murder rule.  (§ 1170.95, subd. (a); Sen. Bill 1437, Stats. 2018, ch. 1015.)  He asserted that he was not the actual killer and that there was "no charge, conviction, or sentence" for robbery.  The trial court denied the motion, and, in *Willis II*, defendant appealed.  His counsel filed a *Wende* brief, and defendant did not file a supplemental brief.  Invoking the rule that we are not required to conduct an independent review when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95, in *Willis II* we dismissed the appeal as abandoned.  However, we also explained that the record showed no error because the original trial court's verdict showed that defendant was convicted as the actual killer, not under a theory of felony murder or natural and probable consequences.

On September 24, 2021, shortly before we filed our opinion in *Willis II*, defendant brought a new motion for modification of his sentence, this time under section 1170, subdivision (d).  Contending his sentence of life without

parole was illegal, his argument was that the robbery special circumstance upon which the sentence rested was improper because he was not separately charged with the crime of robbery. The trial court denied the motion, and defendant filed a notice of appeal. Defendant's supplemental brief on appeal raises a similar argument, urging that his conviction and sentence are no longer valid in light of Senate Bill 1437.

## DISCUSSION

Two rules guide our analysis. First, orders made after judgment are appealable only if they affect the defendant's "substantial rights." (§ 1237, subd. (b); *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134 (*Fuimaono*).) Second, as a general rule, "a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)

Former section 1170, subdivision (d) provides an exception to the general rule that a court loses jurisdiction when the sentence begins.[2] (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) Under this provision, a trial court may recall a sentence and resentence a defendant on its own motion within 120 days of the date of commitment, or at any time upon the recommendation of specified persons including the secretary of the California Department of Corrections and Rehabilitation. (Former § 1170 subd. (d)(1); *People v. Magana* (2021) 63 Cal.App.5th 1120, 1125–1126 (*Magana*).)

Defendant's purported appeal from the denial of his motion fails. Far more than 120 days had passed since the date of commitment, and the trial court had long since lost jurisdiction to recall defendant's sentence and resentence him. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.) Because the court lacked jurisdiction to grant defendant's motion for resentencing, its

---

[2] The relevant provisions are now found at section 1170.03.

denial could not have affected his substantial rights. (*Id.* at pp. 1725–1726; *Magana, supra,* 63 Cal.App.5th at p. 1127; *Fuimaono, supra,* 32 Cal.App.5th at p. 135.) The order is accordingly not appealable, and we must dismiss the appeal. (*People v. King* (2022) 77 Cal.App.5th 629, 634, 636–637, 641–642; *Magana,* at p. 1128; *Fuimaono,* at p. 134.)

## DISPOSITION

The appeal is dismissed.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.