[No. D014686. Fourth Dist., Div. One. May 18, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY CHLAD, Defendant and Appellant.

COUNSEL

Grimes & Warwick and Thomas J. Warwick, Jr., for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Holly D. Wilkens, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KREMER, P. J.—Gary Chlad appeals an order denying a motion to modify his sentence under Penal Code[1] section 1170, subdivision (d).[2] Chlad contends (1) the trial court had jurisdiction to resentence him under section 1170, subdivision (d) and (2) the order denying his motion is an appealable order. We dismiss the appeal.

### PROCEDURAL BACKGROUND

On April 23, 1990, Chlad pleaded guilty to nine counts of second degree robbery (§§ 211, 212.5) and using a firearm in connection with each count (§ 12022.5) under a plea bargain providing a maximum prison sentence of 19 years.

On September 11, 1990, Judge Brown sentenced Chlad to a 14-year prison term.

On October 31, 1990, Chlad's attorney sent a letter to Judge Brown noting Chlad had been transferred to Deuel Vocational Institute without the benefit of a section 1170, subdivision (d) hearing. Counsel requested such a hearing take place to resentence Chlad "within the 120 days stipulated by 1170(d)."

On November 26, 1990, the court entered an order stating:

"Sentencing docket is amended (nunc pro tunc to 9/11/90) to add that [Chlad] is sentenced under PC1170(d). [¶] Clerk is directed to prepare an amended abstract immediately."

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] In relevant part, section 1170, subdivision (d) provides:

"When a defendant . . . has been sentenced to . . . state prison . . . the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . ."

In response to the amended abstract of judgment, the warden at Deuel Vocational Institute sent Judge Brown a diagnostic study of Chlad on December 31, 1990. The study recommended no change in Chlad's sentence.[3]

On February 7, 1991, Chlad's attorney filed a "Motion To Modify Sentence Pursuant To Penal Code § 1170(d)." In response, the prosecution noted Chlad was sentenced on September 11, 1990 and the 120-day time limitation for recalling sentence under section 1170, subdivision (d) had expired on January 9, 1991. As a result, the prosecution claimed the trial court no longer had jurisdiction to resentence Chlad. In addition, the prosecution claimed Chlad had no standing to file a motion to recall his sentence because "a defendant has no right to initiate a section 1170(d) proceeding himself."

On March 7, 1991, the court granted Chlad's motion after finding it had jurisdiction under section 1170, subdivision (d). A sentence modification hearing was set for April 12, 1991.

At the April 12 hearing, the court stated it had intended to reduce Chlad's sentence by two years. However, because the court no longer believed it had jurisdiction to resentence Chlad under section 1170, subdivision (d), it denied Chlad's motion to modify his sentence.

On June 10, 1991, Chlad filed a notice of appeal from the April 12 order denying his motion. According to Chlad, the order "constitute[d] the sentence and final judgment of the court."

On August 13, 1991, the Attorney General filed a motion to dismiss the appeal on the ground the April 12 order was not appealable. Specifically, the Attorney General claimed the order was entered after judgment and as a result, under section 1237, subdivision (b)[4] it was appealable only if it affected Chlad's substantial rights. Claiming Chlad had no standing to make a motion to modify sentence and the court had no jurisdiction to recall his sentence, the Attorney General contended the order denying Chlad's motion to modify sentence could not have affected his substantial rights.

This court then issued an order directing determination of the Attorney General's motion to dismiss Chlad's appeal be deferred until we considered the appeal on its merits.

---

[3]Judge Brown indicated he did not receive the diagnostic study until sometime after March 7, 1991. The superior court file contains the original diagnostic study file-stamped January 29, 1991, and a copy of the diagnostic study file-stamped March 15, 1991. However, even if the court did not receive the study until after the 120-day time limitation of section 1170, subdivision (d) expired, Chlad could not have been prejudiced by the delay given the fact the study recommended no change be made in his sentence.

[4]Section 1237, subdivision (b) allows a defendant to appeal "From any order made after judgment, affecting the substantial rights of the party."

DISCUSSION

I

 Essentially, Chlad's claim is the trial court erred in concluding it no longer had jurisdiction to resentence him under section 1170, subdivision (d). We disagree.

 "By its terms, section 1170(d) empowers a trial court to recall and vacate a prison sentence after commitment, with but two stated limitations. First, the power may be exercised only upon the court's own motion, or upon recommendation of the Director of Corrections (Director) or the Board of Prison Terms (Board). Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 456 [279 Cal.Rptr. 834, 807 P.2d 1063].)

"Cases under . . . section 1170(d) . . . [hold] that the court loses 'own-motion' jurisdiction if it fails to *recall* a sentence within 120 days of the original commitment. [Citations.]" (53 Cal.3d at p. 464, original italics.)

Under *Dix*, a court must recall a sentence within 120 days after the original sentence was imposed but resentencing is not required to occur within the 120-day period.[5] Judge Brown's November 26, 1990, order was issued within 120 days of Chlad's original sentencing.

However, nothing in the record indicates Judge Brown intended his November 26, 1990, order as an order recalling Chlad's sentence. Instead, his order did nothing more than amend the sentencing docket nunc pro tunc to September 11, 1990, to state Chlad was sentenced under section 1170, subdivision (d). As Judge Brown noted:

"As I recall, this is for the record, as I recall, there was a request by [Chlad] for me to sentence under 1170(d). [¶] . . . And at the time I said yes,

---

[5]Justice Mosk's concurring opinion in *Dix* points out: "Penal Code section 1170, subdivision (d), authorizes the trial court to resentence a defendant in the 'same manner' as if the defendant has not previously been sentenced. . . . [¶] The 'same manner' requires resentencing within the statutory period specified in Penal Code section 1191, that is, 28 days. Thus the trial court may recall its sentence within 120 days of the date of the commitment, and then must resentence the defendant within 28 days thereafter" unless the defendant waives time for resentencing. (*Dix* v. *Superior Court, supra*, 53 Cal.3d 442, 465-466.)

Here, the resentencing hearing occurred more than 28 days after Judge Brown's November 26, 1990, order and thus did not occur within the statutory period of section 1191. We do not, however, need to address the timeliness of the hearing since no resentencing actually took place.

that would be acceptable to this court. So that I would retain some control over this case. I wanted to have the—the option available—available to the court to rethink it."

The trial court did not purport to recall Chlad's sentence until March 7, 1991, when it initially granted Chlad's motion to modify his sentence. By then, the 120-day limitation under section 1170, subdivision (d), which began to run when Chlad was sentenced on September 11, 1990, had expired. As a result, at the April 12 hearing the court was correct in finding it no longer had jurisdiction to modify Chlad's sentence.

We conclude the trial court was without jurisdiction to recall Chlad's sentence and properly denied his motion to modify sentence.

## II

Having concluded the trial court was without jurisdiction to resentence Chlad, we now determine the April 12 order denying Chlad's motion to modify his sentence is not an appealable order.

A defendant may appeal from a final judgment of conviction or from any order after judgment which affects his or her substantial rights. (§ 1237.) "[J]udgment is synonymous with the imposition of sentence [citation] . . . ." (*People* v. *Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal.Rptr. 40, 591 P.2d 63].)

Here, because the court never resentenced Chlad within the statutory time period of section 1170, subdivision (d), final judgment of conviction was imposed on September 11, 1990, when Chlad was sentenced to a prison term of 14 years. Thus, the April 12, 1991, order denying Chlad's motion to modify his sentence constitutes an order made after judgment and is only appealable if it affects Chlad's substantial rights.

The Attorney General argues Chlad had no standing to bring a motion to recall his sentence under section 1170, subdivision (d), and thus, denial of the motion could not have affected his substantial rights. We agree.

"By its own terms, [a] defendant has no standing to make a motion for recall of sentence pursuant to Penal Code section 1170, subdivision (d), and the denial of such a motion is not one which affects the substantial rights of the defendant within the meaning of Penal Code section 1237 . . . . [Citations.]" (*People* v. *Druschel* (1982) 132 Cal.App.3d 667, 668-669 [183

Cal.Rptr. 348]; see also *People* v. *Gainer* (1982) 133 Cal.App.3d 636, 641 [184 Cal.Rptr. 120].)[6]

Moreover, since we have concluded the trial court no longer had jurisdiction to recall Chlad's sentence when it issued the order denying his motion, denial of the motion could not have affected Chlad's substantial rights. (See *People* v. *Roe* (1983) 148 Cal.App.3d 112, 118 [195 Cal.Rptr. 802] [judgment entered by the court after losing its jurisdiction under § 1170, subd. (d), has no effect and cannot be appealed].)

The trial court's April 12 order denying Chlad's motion to modify sentence is not an appealable order.

### III

■■ Citing *People* v. *Roe, supra,* 148 Cal.App.3d 112, 118-119, Chlad argues his appeal may be treated as petition for a writ of habeas corpus.

A defendant may bring a petition for writ of habeas corpus to challenge judicial acts in excess of jurisdiction (*People* v. *Roe, supra,* 148 Cal.App.3d 112, 118) and " 'he must show that the trial court exceeded its jurisdiction in some manner.' " (*People* v. *Olken* (1981) 125 Cal.App.3d 1064, 1067 [178 Cal.Rptr. 497], citations omitted.)

Here, Chlad has not shown nor does the record reveal anything to suggest the trial court acted in excess of its jurisdiction. The sentence imposed by the trial court was authorized by law (§§ 213, 12022.5) and was lower than the maximum sentence negotiated under the plea bargain. "Consequently, the court did not exceed its jurisdiction in imposing it. [Citation.]" (*People* v. *Olken, supra,* 125 Cal.App.3d 1064, 1067.) ■■ ■ ■ ■ Furthermore, since the trial court did not have jurisdiction to grant Chlad's motion, denial of that motion cannot be considered an act in excess of the court's jurisdiction.[7]

Thus, even were we to treat this appeal as a petition for habeas corpus, Chlad has failed to establish grounds for relief.

---

[6]Chlad cites *Dix* for the proposition "a recall [of sentence] does not exceed the court's 'own-motion' jurisdiction simply because the court was approached with an informal request to act." (*Dix* v. *Superior Court, supra,* 53 Cal.3d 442, 465, fn. 18.) We do not construe Chlad's motion, which was supported by argument, filed with the court and challenged when the prosecution filed an opposition, as an informal request to act.

[7]Because the trial court did not have jurisdiction to grant Chlad's motion, we reject Chlad's assertion his appeal can be treated as a petition for writ of mandate. " 'Mandate may not issue to compel action which is not within the court's jurisdiction.' [Citation.]" (*Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 898 [103 Cal.Rptr. 354].)

## DISPOSITION

The appeal is dismissed.

Work, J., and Nares, J., concurred.