Filed 5/24/16  P. v. Purcell CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B267838 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA109914) |
| v. | |
| JOHNNY OREN PURCELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Appeal dismissed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Johnny Oren Purcell appeals from the denial of his petition to recall his sentence under Penal Code,[1] section 1170, subdivision (d)(1). We dismiss the appeal.

In 2009, Purcell was sentenced as second strike offender to an aggregate state prison term of 20 years after being convicted of second degree robbery (§ 211) with a finding he had personally used a firearm to commit the offense (§12022.53, subd. (b)). Purcell moved to modify his sentence, "based on Senate Bill 261 (§ 3051), which was filed on October 2, 2015; the trial court summarily denied the motion on October 8, 2015." On October 26, 2015, Purcell filed an in propria persona notice of appeal from the order.

We appointed counsel to represent Purcell on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On February 2, 2016, we advised Purcell he had 30 days within which to submit any contentions or issues he wished us to consider. We received no response. However, attached to Purcell's notice of appeal is a copy of his 23-page petition for modification of his sentence.

Section 3051 is not a resentencing statute. Because Purcell has no basis to seek resentencing under section 3051, we treat his motion as one made under section 1170, subdivision (d), the general resentencing statute.

Section 1170, subdivision (d)(1) enables a defendant to recall the current sentence and seek resentencing if the request is made within 120 days of the date of commitment. In this case, Purcell petitioned for resentencing well beyond that deadline. After that time, the trial court no longer had jurisdiction to resentence Purcell. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1166 [the trial court's "refusal to act on a defective defense motion for resentencing could not have affected any legal rights" of the defendant]; compare *People v. Teal* (2014) 60 Cal.4th 595 [appeal lies where denial of petition affects substantial rights].) As a result, the order issued by the trial court in this case is

---

**1**        Statutory references are to the Penal Code.

not appealable, and we dismiss the appeal.  (*Id.* at pp. 1165-1166; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.)

## DISPOSITION

The appeal is dismissed.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.