Filed 8/25/20  P. v. Bryant CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANGIL CYNTHIA BRYANT,<br><br>     Defendant and Appellant. | 2d Crim. No. B305262<br>(Super. Ct. No. BA436989)<br>(Los Angeles County) |

   Angil Cynthia Bryant and a codefendant confronted the victim on the street and demanded money.  After the codefendant knocked the victim down, Bryant straddled him and went through his pockets.  Bryant pointed a BB gun at the victim's face and hit him in the head with it.

   Bryant pled guilty to second degree robbery (Pen. Code,[1] § 212.5, subd. (c)) and admitted suffering two prior serious felony convictions (§ 667, subd. (a)(1)).  Bryant was sentenced on

_____

  [1] Except as otherwise noted, all statutory references are to the Penal Code.

January 21, 2016.  The trial court struck two prior strike allegations (§ 667, subds. (d)(1), (e)(1); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497) and struck enhancements for five prior prison terms (§§ 667.5, subd. (b), 1385).  The court sentenced her to the low term of two years for robbery, plus five years for each of the serious felony priors, for a total of 12 years in state prison.  Bryant did not appeal the conviction.

More than three years later, Bryant requested the trial court resentence her on its own motion pursuant to section 1170, subdivision (d), and strike the enhancements for prior serious felony convictions pursuant to Senate Bill No. 1393 (S.B. 1393).  The court denied the request in light of Bryant's extensive criminal history and the lenient sentence she received.

We appointed counsel to represent Bryant in this appeal.  After examining the record, counsel filed an opening brief that raises no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We advised Bryant that she had 30 days to personally submit any contentions or issues she wished us to consider.

Bryant filed a supplemental brief in which she discussed her medical issues and asked that her sentence be reviewed pursuant to section 1170, subdivision (d), and S.B. 1393.

S.B. 1391 amended sections 667 and 1385 to allow trial courts to strike enhancements for serious felony prior convictions.  This legislation is retroactive only to "all cases not yet final when [S.B. 1393 became] effective on January 1, 2019." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)  The judgment here became final when the time to file an appeal expired 60 days after sentencing.  (Cal. Rules of Court, rule 8.308(a); *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.)  Accordingly, the trial

court did not have jurisdiction to strike the priors three years later.

Section 1170, subdivision (d), authorizes the court to recall a sentence "within 120 days of the date of commitment on its own motion." At the time of her request to recall the sentence in 2019, the 120 days had long passed. Therefore, the trial court lacked jurisdiction to grant Bryant's request. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.) As denial of her motion could not have affected her substantial rights, the order is not appealable and we must dismiss the appeal. (*Ibid.*)

Bryant also requests early release in light of her medical condition, COVID-19, and the limited programming she expects after her annual review. She has not demonstrated that she has exhausted her administrative remedies. (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 663; see Gov. Code, § 8658.) There is no appealable order because she has not shown that a request for compassionate release was "properly initiated by prison or parole authorities" pursuant to section 1170, subdivision (e). (*People v. Loper* (2015) 60 Cal.4th 1155, 1158.)

The appeal is dismissed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

3

Craig J. Mitchell, Judge

Superior Court County of Los Angeles

_____

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.