Filed 5/13/21  P. v. Vega CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308765 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA051544) |
| v. | |
| ANGEL LOUIS VEGA, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Angel Louis Vega, Jr. (defendant) purports to appeal from a postjudgment order denying his motion filed pursuant to Penal Code section 1170, subdivision (d)(1) (section 1170(d)(1)). We conclude the order is not appealable, and dismiss.

## BACKGROUND

In 2003, a jury convicted defendant of second degree murder, and found true the allegation that in committing the offense he personally used a dangerous and deadly weapon, a knife. On December 29, 2003, the trial court sentenced defendant to 16 years to life. This court affirmed the judgment on February 25, 2005.

In 2020, defendant filed a motion in the trial court "request[ing] appointment of counsel to represent me at [a] resentencing hearing pursuant to Penal Code 1170(d)(1)." The motion attached an "informal request" to the Los Angeles County District Attorney for a recommendation that the trial court recall defendant's sentence and resentence him to a lower term. In that "informal request," defendant argued his sentence was unconstitutional, the reasons for which are not pertinent to our resolution of the appeal before us.

The trial court "reviewed the motion for appointment of counsel" and denied it without comment. Defendant filed a notice of appeal. We appointed appellate counsel, who found no arguable issues and requested we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496.

We notified defendant that he could file a supplemental brief, which he did.

## DISCUSSION

In his supplemental brief, defendant raises a myriad of arguments as to why under section 1170(d)(1) his sentence should be recalled and he should be resentenced, including that Penal Code section 189 and California's felony-murder laws are unconstitutionally vague; he has served more time than his "base term"; under the policies of the new Los Angeles County District Attorney, a lower prison term would have been recommended; and the trial court erred in instructing the jury. We do not address the merits of these claims because the order from which defendant purports to appeal is a nonappealable order.

Section 1170(d)(1) provides, in relevant part, that the trial court "may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."

It is not clear if defendant's motion in the instant case constitutes a request that the trial court on its own motion recall his sentence under section 1170(d)(1), or merely a request for appointment of counsel in anticipation that the district attorney would grant his "informal request" for a recommendation that the trial court recall his sentence. We need not resolve this ambiguity—under either interpretation the trial court's order denying the motion is not appealable, because the order did not affect defendant's substantial rights. (See Pen. Code, § 1237,

3

subd. (b) [appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party"].)

Construing defendant's motion as a request that the trial court on its own motion recall his sentence, the trial court had no authority to do so. Section 1170(d)(1)'s 120-day limitation is absolute: "[T]he trial court loses jurisdiction to resentence on its own motion after 120 days has elapsed." (*People v. Loper* (2015) 60 Cal.4th 1155, 1165.) A trial court's declining to recall a sentence on its own motion more than 120 days after the date of commitment does not affect the substantial rights of the defendant, because the trial court had no jurisdiction to recall the sentence in the first place. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726; see *Loper*, at pp. 1165–1166 [citing *Chlad* with approval].) Accordingly, the trial court's denial of defendant's request, filed more than 120 days after the date of commitment, is not an appealable order. (*Chlad*, at p. 1726; *Loper*, at p. 1166.)

Alternatively, if we construe defendant's motion as merely requesting appointment of counsel for an anticipated section 1170(d)(1) hearing, again the denial did not affect his substantial rights. There is no indication in the record that the district attorney granted defendant's "informal request" to recommend that the trial court recall his sentence. Thus, there were no pending proceedings concerning a sentence recall for which counsel might be required.[1] Put another way, defendant's request for counsel was premature, and therefore his rights were not affected by the denial of the request.

---

[1] We express no opinion whether defendant would be entitled to counsel were there pending proceedings.

4

## DISPOSITION

The appeal is dismissed.
<u>NOT TO BE PUBLISHED.</u>


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.