Filed 5/20/21  P. v. Hosmer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090798 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CF07018) |
| v. | |
| JEREMY LEE HOSMER, | |
| Defendant and Appellant. | |

Defendant Jeremy Lee Hosmer appeals from the trial court's failure to grant his motion to recall his sentence under Penal Code[1] section 1170, subdivision (d)(1).  We conclude the court did not have jurisdiction to recall defendant's sentence and will dismiss his appeal.

---

[1]     Further undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant reported to county jail and was found in possession of 11.7 grams of cannabis.[2] He told jail personnel "he brought more than he could use and hoped to make some money for his wife while he was in jail."

On February 27, 2019, defendant pled no contest to possession of cannabis in a jail (§ 4573.6, subd. (a)), misdemeanor possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b)), and admitted he had served five prior prison terms (§ 667.5, subd. (b)). Defendant had been on probation in another case at the time of this offense.

On April 3, 2019, the court sentenced defendant in both cases to a total prison term of nine years eight months.

On July 22, 2019, defendant filed a "MOTION FOR MODIFICATION OF SENTENCE, PURSUANT TO CALIFORNIA PENAL CODE § 1170(D)." Defendant stated in his motion that his conviction for possession of contraband in prison should be dismissed because it is no longer a felony.

On September 18, 2019, the court held a hearing on the motion, and noted that defendant's motion was based on *People v. Raybon* (2019) 36 Cal.App.5th 111, which concluded possession of cannabis inside a county jail is no longer a crime. However, the court also noted that since defendant filed his motion, our Supreme Court had granted review of that case. The court took defendant's case "off calendar in light of *Raybon* being under review in the California Supreme Court. In the event that the Supreme Court upholds the decision in *Raybon*, [defendant] can certainly review his petition and be brought back for resentencing."

---

[2] In 2017, the Legislature substituted the term "cannabis" for "marijuana" in the Health and Safety Code. (Stats. 2017, ch. 27, §§ 113-160.) Consequently, we use the term cannabis throughout this opinion for all purposes.

On November 4, 2019, defendant appealed based on his "motion of modification of sentence."

DISCUSSION

Defendant argues the trial court erred when it failed to rule on his motion to recall his sentence because the court mistakenly believed defendant could refile his motion after the 120-day deadline in section 1170, subdivision (d)(1). The People contend the court never recalled defendant's sentence and instead, denied defendant's motion. In that regard, the People argue the trial court did not abuse its discretion.

Section 1170, subdivision (d)(1) provides that a trial court "may, within 120 days of the date of commitment on its own motion . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." This provision "is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun" and permits courts to recall the sentence "for any reason rationally related to lawful sentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455, 456.) "However, the 120-day period specified in section 1170, subdivision (d) is jurisdictional; the court must recall the sentence within the prescribed period." (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757.) If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

The trial court here did not have jurisdiction to recall defendant's sentence after August 1, 2019. There are no indications in the record the court ruled on defendant's motion before the September 18, 2019, hearing and by that point the court had lost jurisdiction. Therefore, the court did not have jurisdiction to consider defendant's motion at the hearing on September 18, 2019, and, even if the court denied defendant's motion at

3

that hearing (as the People contend), the order was nonappealable.  Accordingly, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.

/s/                             
Robie, Acting P. J.

We concur:

/s/
Murray, J.

/s/
Duarte, J.