Filed 6/27/22 P. v. Whitfield CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TIMOTHY LEON WHITFIELD, <br><br> Defendant and Appellant. | F083178 <br><br> (Super. Ct. No. SC076688A) <br><br> **OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Max Feinstat and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P. J., Peña, J. and Snauffer, J.

**INTRODUCTION**

In 1999, a jury convicted defendant Timothy Leon Whitfield, in part, of second degree murder and found true allegations he personally used a firearm during the commission of the murder in violation of Penal Code section 12022.5, subdivision (a) and he personally and intentionally discharged a firearm which proximately caused great bodily injury or death to another person, not an accomplice, during the commission of the murder in violation of section 12022.53, subdivision (d). (Undesignated statutory references are to the Penal Code.)

In March 2021, defendant submitted a "Motion for Discriminatory Relief" pursuant to section 745, subdivision (a). The trial court denied the motion in an order stating, "Case is final. Therefore, defendant is not eligible for resentencing as requested in motion/petition." Defendant did not appeal from that order.

On August 4, 2021, defendant submitted a "Motion for Judicial Notice Pursuant to Evidence Code 451, 459(a) … /Petition for Resentence [*sic*] pursuant to P.C. 745(a)," asserting the court's denial of his March 2021 motion for discriminatory relief was "based on the erronius [*sic*] assumption that defendant's case was final." The court denied this motion/petition on August 5, 2021, stating in the order, "Case is on appeal. Therefore, this court has no jurisdiction on this request." Defendant now appeals that order.

The parties agree, as do we, the August 2021 order is not an appealable order. Accordingly, we dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

In 1999, a jury found defendant not guilty of first degree murder, but guilty of, second degree murder (§ 187, subd. (a); count 1) and found true allegations he personally used a firearm during the commission of the murder in violation of section 12022.5, subdivision (a); he personally and intentionally discharged a firearm which proximately caused great bodily injury or death to another person, not an accomplice, during the

2.

commission of the murder in violation of section 12022.53, subdivision (d); and that he committed the murder for the benefit of, at the direction of, or in association with a criminal street gang in violation of section 186.22, subdivision (b).[1] The court sentenced defendant to 15 years to life on count 1, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement, and an additional year for a prior prison term enhancement pursuant to section 667.5, former subdivision (b).[2] The court stayed the sentences on the remaining counts and enhancements. Defendant previously appealed his conviction and sentence. The judgment was affirmed with modifications.

In April 2019, defendant filed a petition for resentencing pursuant to section 1170.95, alleging he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. The court denied defendant's petition, and defendant appealed the denial in a separate appeal, *People v. Whitfield* (June 21, 2022, F081609) (nonpub. opn.).

In March 2021, defendant filed a motion for discriminatory relief pursuant to section 745, subdivision (a). On March 18, 2021, the trial court issued an order on the motion stating, "Case is final. Therefore, defendant is not eligible for resentencing as requested in motion/petition." Defendant did not appeal from that order.

On August 4, 2021, defendant submitted a "Motion for Judicial Notice Pursuant to Evidence Code 451, 459(a) … /Petition for Resentence [*sic*] pursuant to P.C. 745(a)," asserting the court's denial of his March 2021 motion for discriminatory relief was "based on the erronius [*sic*] assumption that defendant's case was final." He alleged

---

[1]The jury also convicted defendant of willfully and unlawfully carrying a concealed handgun in a vehicle (former § 12025, subd. (a)(1); count 2), willfully and unlawfully carrying a loaded firearm while being an active gang member (former § 12031, subd. (a)(2)(C); count 3), and willfully and unlawfully owning or having in his possession or under his custody or control a firearm (former § 12021, subd. (a)(1); count 4), and the jury and court found true various related enhancement allegations as well as enhancements related to defendant's prior convictions.

[2]Judgment on the two-year gang enhancement to count 1 was originally imposed but then later vacated.

"[t]he facts contained in the petition for discriminatory relief establish a prima facie showing that defendant's conviction was obtained in violation of … 745(a), because all members of the jury that were of defendant's race were excluded during jury selection, resulting in not one member of his race being involved in the guilt finding process of the trial. Defendant also established that his sentence was also longer or more severe than defendants of other races in violation of … 745(a)(4)(A)." He asserted, pursuant to section 1473, subdivision (f), "the court should have ajudicated [*sic*] defendants [*sic*] petition for discriminatory relief on the merits, and ordered an evidentiary hearing to establish his entitlement to relief." In conclusion, he asked the court to take judicial notice of "his pending appeal in case number F081609" and "resubmit[ed] his original … 745(a) petition for discriminatory relief."

On August 5, 2021, the court issued an order on the motion stating, "Case is on appeal. Therefore, this court has no jurisdiction on this request." Defendant filed a notice of appeal following the August 5, 2021 order and requested the appointment of counsel.

## DISCUSSION

Following the filing of the notice of appeal, defense counsel submitted an application for an order on the appealability of this case, asking our court for guidance on the issue. In response, our court issued an order requesting briefing on whether the trial court's August 2021 order constituted an appealable order and the effect, if any, of the "successiveness bar" on defendant's ability to pursue a second petition for discriminatory relief pursuant to section 745 in the trial court and on appeal. In their briefing, the parties agree the August 2021 court order is not an appealable order. They disagree whether defendant's August 2021 filing was also barred as a successive petition. Specifically, defendant concedes the trial court's order on the August 2021 motion was not "a final determination" and it "did not affect [defendant's] substantial rights." He asserts his August 2021 motion was not a second petition for relief pursuant to section 745, but,

4.

rather, a request that the trial court reconsider its denial of his March 2021 section 745, subdivision (a) motion.[3] He contends this appeal is limited to whether the trial court had jurisdiction to rule on defendant's August 2021 request and, "[c]learly, the trial court did not have such jurisdiction." He also contends the matter of whether his August 2021 motion was barred as a successive petition is not ripe for consideration. Irrespective, defendant refutes the application of the successiveness bar to second petitions for relief pursuant to section 745. The People respond defendant's August 2021 motion constituted a second petition for discriminatory relief under section 745, and the order denying it is nonappealable because the court "did not make a merits-based determination" of defendant's argument nor issue a "final judgment." They also assert the August 2021 motion was barred as a successive petition. Alternatively, they contend, even if the motion could be construed as a motion for reconsideration, the related order is nonappealable. We agree with the parties; the August 2021 order is not an appealable order. Accordingly, the appeal must be dismissed.

""""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute."""" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Pursuant to section 1237, a defendant may appeal from a final judgment of conviction or "any order made after judgment, affecting the substantial rights of the party." (*Id.*, subd. (b).) "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'"

---

[3]Defendant also notes, as a procedural matter, it is unclear whether the March 2021 section 745, subdivision (a) motion and the August 2021 motion were actually filed because neither bears a "Filed" stamp.

(*People v. King* (2022) 77 Cal.App.5th 629, 634; accord, *People v. Jenkins* (2019) 40 Cal.App.5th 30, 37.)

Effective January 1, 2021, the California Racial Justice Act of 2020, codified in section 745, amended sections 1473, subdivision (f), and 1473.7, subdivision (a)(3), and prohibits state criminal convictions or sentences "on the basis of race, ethnicity, or national origin." (§ 745, subd. (a).) To prove a violation, a defendant must show, by a preponderance of the evidence, (1) the judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or a juror "exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin" or (2) "used racially discriminatory language about the defendant's race, ethnicity, or national origin, or otherwise exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin, whether or not purposeful," in court and during the trial proceedings; (3) "[r]ace, ethnicity, or national origin was a factor in the exercise of peremptory challenges"; (4) the defendant was charged or convicted "of a more serious offense than defendants of other races, ethnicities, or national origins who commit similar offenses and are similarly situated, and the evidence establishes that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the county where the convictions were sought or obtained"; or (5) "[a] longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated individuals convicted of the same offense, and longer or more severe sentences were more frequently imposed for that offense on people that share the defendant's race, ethnicity, or national origin" or "on defendants in cases with victims of one race, ethnicity, or national origins," in the county where the sentence was imposed. (Stats. 2020, ch. 317, § 3, subd. (a)(1)–(5).)

Procedurally, the act authorizes defendants to seek relief for a violation of section 745, subdivision (a) prior to imposition of judgment, by "motion in the trial court."

(§ 745, subds. (b)–(c).) Claimed violations of section 745, subdivision (a) may also be raised postjudgment, by petition for habeas corpus under section 1473, subdivision (f) or by a motion to vacate an allegedly invalid conviction or sentence under section 1473.7. (§ 745, subd. (b).) The act authorizes a set of remedies specific to postjudgment requests for relief. (§ 745, subd. (e)(2)(A)–(B).) Subdivision (j) of section 745 clarifies the section "applies only prospectively in cases in which judgment has not been entered prior to January 1, 2021." And section 1473, subdivision (f) provides that a writ of habeas corpus may be prosecuted after judgment has been entered "based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of Section 745 if judgment was entered on or after January 1, 2021."[4]

Here, the trial court's August 2021 order is not an appealable order. Based upon the language of defendant's August 2021 filing and the relief sought therein, it appears to be a request for judicial notice and motion for reconsideration/resubmission of defendant's March 2021 request for relief pursuant to section 745. And, here, the court denied the motion for lack of jurisdiction based on defendant's pending appeal in *People v. Whitfield*, *supra*, F081609. We cannot conclude, nor does defendant argue, that the court's order, in which it indicated it lacked jurisdiction to consider defendant's request, is a postjudgment order that affected defendant's substantial rights. (See *People v. Baltazar* (2020) 57 Cal.App.5th 334, 342 [denial of defendant's postjudgment motion was nonappealable order that could not have affected defendant's substantial rights where trial court lacked jurisdiction to modify defendant's sentence]; *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 ["An order denying a motion the court lacks jurisdiction

<hr />

[4] "If the court determines that the petitioner has not established a prima facie showing of entitlement to relief, the court shall state the factual and legal basis for its conclusion on the record or issue a written order detailing the factual and legal basis for its conclusion." (§ 1473, subd. (f).) This section also provides, "A petition raising a claim of this nature for the first time, or on the basis of new discovery provided by the state or other new evidence that could not have been previously known by the petitioner with due diligence, shall not be deemed a successive or abusive petition." (*Ibid.*)

to grant does not affect a defendant's substantial rights"] accord, *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726–1727; see *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [noting "as a general rule, 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court'"].)

Because this appeal arises from a nonappealable order, we lack jurisdiction over it, and it must be dismissed. Accordingly, we need not address whether defendant's August 2021 filing and this appeal are also subject to the bar on successive petitions.

## DISPOSITION

The appeal is dismissed for lack of jurisdiction.