Filed 6/28/22 P. v. Zavala CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095179 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF06250) |
| v. | |
| PEDRO LYBRAND ZAVALA, | |
| Defendant and Appellant. | |

Defendant Pedro Lybrand Zavala appeals the trial court's imposition of court fees and a restitution fine after denying his request for an ability to pay hearing. We affirm.

BACKGROUND

Due to the limited scope of issues presented on appeal, a full recital of the facts is unnecessary. It suffices to say that after the victim broke out the rear window of defendant's car, defendant drove his car into the victim, causing injuries that resulted in the amputation of the victim's leg.

1

The People filed a complaint charging defendant with mayhem (Pen. Code, § 203)[1] and assault with a deadly weapon. (§ 245, subd. (a)(1).) The complaint also alleged defendant inflicted great bodily injury on the victim in the assault. (§ 12022.7, subd. (a).)

On September 9, 2021, pursuant to a plea agreement, defendant pleaded no contest to assault with a deadly weapon and admitted he inflicted great bodily injury in exchange for a sentence of seven years. (§§ 245, subd. (a)(1), 12022.7, subd. (a).) The remaining charge was dismissed pursuant to a *Harvey*[2] waiver. The same day, the trial court sentenced defendant to seven years in prison. It also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment. (Gov. Code, § 70373.) Defendant did not object to any of the fees or fines.

Two months later, on November 8, 2021, defendant filed a notice of appeal. Five months after sentencing, defendant's counsel wrote a letter to the trial court asking it to stay the restitution fine in order for the prosecution to demonstrate defendant had the ability to pay it and strike the assessments pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The trial court acknowledged receipt of the communication and denied the request.

## DISCUSSION

Defendant contends the trial court abused its discretion in failing to stay the restitution fine and strike the assessments. The Attorney General responds that defendant forfeited this contention by failing to raise a contemporaneous objection at sentencing. We agree with the Attorney General.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant was sentenced on September 9, 2021, almost three years after issuance of the *Dueñas* decision (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019]). The plea agreement form defendant signed specified he understood he may be ordered to pay a restitution fine of a minimum of $300 to a maximum of $10,000. Defendant, however, did not request an ability to pay hearing, and did not object to the imposition of the fine and assessments at issue or assert his inability to pay during sentencing. We conclude that defendant has forfeited his challenge. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624; *People v. Scott* (1994) 9 Cal.4th 331, 351-353; *People v. Nelson* (2011) 51 Cal.4th 198, 227.)

We also reject defendant's argument that section 1237.2 cures his forfeiture. Section 1237.2 states: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Although this section makes the issue of fines and assessments cognizable on appeal, it does not bar the application of the forfeiture doctrine based on a failure to object when the fine was imposed. (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 39.) This is especially true here given that the law defendant seeks to apply existed for almost three years before sentencing and he waited five more months to object. Under these circumstances, the belated assertion of this preexisting legal claim does not constitute an error that was discovered after sentencing. Likewise, filing a letter with the trial court

3

five months after sentencing, while the case was already on appeal, does not cure his failure to object at sentencing.  (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)

## DISPOSITION

The judgment is affirmed.


                                                 _____KRAUSE_____, J.


We concur:


_____MAURO_____, Acting P. J.


_____EARL_____, J.

4