Filed 7/13/22  P. v. Fields CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH LEE FIELDS,<br><br>        Defendant and Appellant. | C095123<br><br>(Super. Ct. No. 16F7936) |

Defendant Kenneth Lee Fields appeals from the trial court's order denying his petition to strike his prior prison term enhancement pursuant to newly enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728 § 3 (Senate Bill 483)).  We conclude defendant has appealed from a nonappealable order.  Accordingly we dismiss the appeal.

1

BACKGROUND

The substantive facts do not bear on our decision here.  In 2017, defendant pleaded no contest in case No. 16F7936 to residential burglary and grand theft.  He admitted a prior strike conviction and a prior prison term.  Defendant also pleaded no contest in case No. 17F239 to second degree burglary and admitted a prior strike conviction.  On August 18, 2017, the trial court sentenced defendant to an aggregate term of 11 years eight months.  The sentence included a one-year prior prison term enhancement pursuant to Penal Code former section 667.5, subdivision (b).[1]  Defendant's judgment became final on October 17, 2017.

On April 21, 2021, defendant filed a one-page petition for modification of his sentence citing section 1170, subdivision (d)(1).  The trial court denied the petition.  On September 29, 2021, defendant petitioned for resentencing pursuant to Senate Bill 483.  The trial court denied the petition as duplicative of the April 2021 petition.  Defendant appeals from that order.

DISCUSSION

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.  We do not.  (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).)

The right to appeal is entirely statutory.  (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.)  As relevant here, an order following judgment is only appealable if it affects a defendant's substantial rights.  (§ 1237, subd. (b).)  Generally, subject to certain statutory exceptions, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced.  (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 784.)  Section 1171.1 is a statutory exception to that general rule.

---

[1] Undesignated statutory references are to the Penal Code.

In October 2021, the Governor signed Senate Bill 483. Effective January 1, 2022, Senate Bill 483 added section 1171.1 to the Penal Code, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1171.1, subd. (a).) Section 1171.1 also provides a procedure by which the California Department of Corrections and Rehabilitation notifies the sentencing court of any persons in their custody that are currently serving a term of a judgment that includes a section 667.5 enhancement. (§ 1171.1, subd. (b).) This notification vests the trial court with jurisdiction to review the judgment and recall and resentence defendant. (§ 1171.1, subd. (c).) While section 1171.1 applies to both final and nonfinal judgments, section 1171.1 does not include a provision permitting defendants to file motions seeking resentencing. (§ 1171., subd. (b).)

Defendant's petition was not based on the trial court's limited authority to resentence under section 1171.1. (§ 1171.1; see also, *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) A defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence. (*Fuimaono,* at p. 135; see also *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).)

Execution of defendant's sentence began on August 18, 2017, and his judgment became final on October 17, 2017. Defendant filed his September 29, 2021 petition years after his judgment became final, and his petition did not invoke a statutory exception permitting the trial court to consider it after the judgment became final. Therefore, the trial court lacked jurisdiction to modify defendant's sentence through his petition. Because the trial court could not have granted defendant's petition for resentencing, the trial court's denial of defendant's petition could not have affected his substantial rights under section 1237, subdivision (b), and was not an appealable order. (*King, supra*,

77 Cal.App.5th at p. 634.)  Accordingly, we will dismiss the appeal.  (*Chlad, supra*, 6 Cal.App.4th at pp. 1726-1727; *King,* at p. 634.)

DISPOSITION

The appeal is dismissed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
EARL, J.