Filed 12/15/23  P. v. Robertson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C097007 |
| v. | (Super. Ct. No. NCR76069) |
| MICHAEL DEAN ROBERTSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Dean Robertson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Because we do not have jurisdiction to consider this matter, we will dismiss the appeal.

I

On February 5, 2010, defendant pleaded no contest in two Shasta County cases to first degree burglary (Pen. Code, § 459)[1] and evading an officer (Veh. Code, § 2800.2),

---

[1] Undesignated statutory references are to the Penal Code.

1

and admitted four prior prison terms (§ 667.5, subd. (b)) and a prior strike conviction. The trial court sentenced defendant to an aggregate 16-year prison term, consisting of the following: as to the burglary conviction, the upper term of six years, doubled to 12 years for the prior strike, plus four years for the four prior prison terms; and as to the evading an officer conviction, a concurrent upper term of three years, doubled to six years for the prior strike conviction.

In 2011, in Tehama County, defendant pleaded guilty to four burglary counts (§ 459) and admitted a firearm allegation (§ 12022.5, subd. (a)) and a prior strike conviction. The trial court sentenced defendant to the stipulated term of 30 years in the Tehama case, and as to the Shasta County cases, imposed two years eight months, for a total sentence of 32 years eight months.

On April 16, 2018, after receiving a letter from the Department of Corrections and Rehabilitation (CDCR), the Shasta County trial court resentenced defendant but maintained the aggregate 16-year prison term that it had previously imposed. It reimposed the same 12-year term on the burglary conviction plus the four years for the prior prison terms, but dismissed the prior strike admission in connection with the evading an officer conviction and imposed a concurrent middle term of two years on that count.

In May 2018, CDCR informed the Tehama County court of a number of problems with the 2011 Tehama County abstract of judgment and also notified the court that the Shasta County court had modified defendant's Shasta County sentence in April 2018.

On August 7, 2018, the Tehama County court corrected defendant's abstract of judgment. The Tehama court noted that the parties at the 2011 Tehama sentencing hearing appeared to have been unaware of the four prior prison term enhancement allegations, and the Tehama court explained that its order did not address these allegations. The amended abstract of judgment filed in Tehama County on August 7, 2018, did not include prior prison term enhancements. Tehama court staff apparently

2

filed another abstract of judgment on September 5, 2018, adding four prior prison term enhancements for a total term of 36 years eight months, but the Tehama court struck that abstract and ordered the August 7, 2018 abstract to remain in effect.

After receiving another CDCR letter, the Tehama court declined to further modify the August 7, 2018 abstract of judgment, explaining in a minute order: "The court was informed that the [plea] agreement included the Shasta sentencing which would add two years and eight months to the sentence, and the defendant was clearly advised that the maximum sentence, should he enter a plea, would be thirty-two years and eight months. On that understanding he entered a plea. There is a transcript of that proceeding. Nowhere in that transcript are the Shasta County [section] 667.5[, subdivision ](b) allegations mentioned. [¶] . . . [¶] According to the record, but for the plea agreement, the defendant faced the possibility of a sentence in excess of life in prison. The defendant got the full benefit of his plea bargain." The Tehama court added, "Even if the court's sentence exceeded its jurisdiction, a defendant cannot complain of getting what he bargained for so long as the court had fundamental jurisdiction."

On March 3, 2022, representing himself, defendant filed a petition for resentencing under Penal Code section 1172.75,[2] asserting that he had agreed to a sentence of 32 years eight months, but the Tehama court filed an amended abstract of judgment on September 5, 2018, adding four years to his sentence to which he did not agree, and the prior prison term enhancements are now invalid.

On September 20, 2022, the Tehama court held a hearing on defendant's petition and denied it.

---

[2] This statute was formerly section 1171.1, but it was renumbered to section 1172.75. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

The Tehama court appears to have concluded that defendant's sentence does not include any section 667.5, former subdivision (b) enhancement invalidated by section 1172.75, subdivision (a). But we do not have jurisdiction to consider the matter. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) The right to appeal is entirely statutory. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.) As relevant here, an order following judgment is only appealable if it affects a defendant's substantial rights. (§ 1237, subd. (b).) Generally, subject to certain statutory exceptions, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 784.) Section 1172.75 is an exception to that general rule, permitting notification from the CDCR to vest the trial court with jurisdiction to review the judgment and recall and resentence defendant. (§ 1172.75, subd. (c).) A defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see also *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).)

The trial court lacked jurisdiction to modify defendant's sentence through his petition. Because the trial court could not have granted defendant's petition for resentencing, the trial court's denial of defendant's petition could not have affected his substantial rights under section 1237, subdivision (b), and was not an appealable order. (*King, supra*, 77 Cal.App.5th at p. 634.) Accordingly, we will dismiss the appeal. (*Chlad, supra*, 6 Cal.App.4th at pp. 1726-1727; *King*, at p. 634.)

## DISPOSITION

The appeal is dismissed.

/S/

MAURO, Acting P. J.

We concur:

/S/

DUARTE, J.

/S/

MESIWALA, J.