Filed 1/30/24  P. v. Curtis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098860 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F06354) |
| v. | |
| ERIC CURTIS, | |
| Defendant and Appellant. | |

In 1995, a jury found defendant Eric Curtis guilty of unlawfully possessing a firearm and evading a peace officer, and the trial court found he had two strikes.  The trial court then sentenced defendant to state prison for 50 years to life as follows:  25 years to life for unlawfully possessing the firearm and 25 years to life for evading the peace officer.  We affirmed the judgment.  (*People v. Curtis* (Aug. 15, 1997, C021885) [nonpub. opn.].)

In April 2023, defendant filed a motion for resentencing under Penal Code section 1172.75.  (Further section references are to the Penal Code.)  In May 2023, the trial court

denied defendant's motion, finding that the court lacked jurisdiction and that defendant's sentence did not include any enhancements.

Defendant now appeals the trial court's denial of his petition for resentencing. His appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asks that we review the record for arguable issues. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Like the trial court, we lack jurisdiction to consider the matter. (*People v. King* (2022) 77 Cal.App.5th 629, 634.) The right to appeal is statutory. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.) An order following judgment is appealable only if it affects a defendant's substantial rights. (§ 1237, subd. (b).) Generally, subject to certain statutory exceptions, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 784.) Section 1172.75 is an exception to that general rule, permitting notification from the California Department of Corrections and Rehabilitation to vest the trial court with jurisdiction to review the judgment and recall and resentence defendant. (§ 1172.75, subd. (c).) A defendant who files a petition without statutory permission does not vest the sentencing court with jurisdiction to resentence. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

The trial court lacked jurisdiction to modify defendant's sentence through his petition. Because the trial court could not have granted defendant's petition, the trial court's denial of that petition could not have affected his substantial rights, and we must dismiss the appeal. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726-1727.)

## DISPOSITION

The appeal is dismissed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.