Filed 4/1/25  P. v. Griffin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES E. GRIFFIN II,<br><br>    Defendant and Appellant. | C099451<br><br>(Super. Ct. No. CR115423) |

In 1993, a jury found defendant Charles E. Griffin II guilty of attempted murder (Pen. Code, §§ 664, 187),[1] shooting at an occupied vehicle (§ 246), and being a felon in possession of a firearm (former § 12021).  The jury further found the attempted murder was deliberate and premeditated (§ 189), Griffin inflicted great bodily injury (§ 12022.7), and Griffin used a firearm (§ 12022.5, subd. (a)).  The court sentenced Griffin to a term

---

[1]  Undesignated statutory references are to the Penal Code.

1

of life with the possibility of parole, plus 17 years. A different panel of this court affirmed the judgment. (*People v. Griffin* (Apr. 26, 1994, C016151) [nonpub. opn.].)

On August 8, 2023, Griffin filed a motion for resentencing under section 1172.75. Attached as exhibits to Griffin's motion were numerous, other motions including: (1) a request to appear remotely at the resentencing hearing, which he executed on April 4, 2023; (2) a document purporting to move the trial court for "relief due to discrimination" pursuant to section 745, which the trial court dismissed for lack of jurisdiction on July 3, 2023; and (3) a motion pursuant to *Faretta v. California* (1975) 422 U.S. 806, which Griffin executed on May 30, 2023.

In an August 8, 2023 minute order, the trial court noted Griffin was not on the list of defendants who may be eligible for relief under section 1172.75. The court said it would not appoint counsel, nor would it set the matter for hearing.

Griffin now appeals from that minute order. His appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436, and asks that we review the record for arguable issues. Griffin was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from him.

We lack jurisdiction to consider the matter. (*People v. King* (2022) 77 Cal.App.5th 629, 634.) The right to appeal is statutory. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254.) An order following judgment is appealable only if it affects a defendant's substantial rights. (§ 1237, subd. (b).) Generally, subject to certain statutory exceptions, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 784.) Section 1172.75 is an exception to that general rule, permitting notification from the Department of Corrections and Rehabilitation (CDCR) to vest the trial court with jurisdiction to review the judgment and recall and resentence a defendant. (§ 1172.75, subd. (c).) A defendant cannot vest the sentencing court with jurisdiction to resentence

2

by filing their own petition; notification must come from the CDCR. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Because it was Griffin who petitioned the trial court for resentencing under section 1172.75, and not the CDCR, the court lacked jurisdiction to modify his sentence. As a result, the trial court could not have granted Griffin's August 8, 2023 petition. Thus, the trial court's denial of that petition could not have affected Griffin's substantial rights, and we must dismiss the appeal. (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726-1727.)

DISPOSITION

The appeal is dismissed.

_____/s/_____
BOULWARE EURIE, Acting P. J.

We concur:

\_\_\_\_\_/s/_____
MESIWALA, J.

\_\_\_\_\_/s/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.