Filed 8/7/23  P. v. Pope CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097564 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F00237) |
| v. | |
| JACOBY NEHEMIAH POPE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jacoby Nehemiah Pope has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Because we conclude defendant has appealed from a nonappealable order, we will dismiss the appeal.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2004, a jury found defendant Jacoby Nehemiah Pope guilty of attempted murder and discharging a firearm at an occupied motor vehicle and found true firearm

1

enhancement allegations for each offense.  The trial court sentenced defendant to 58 years eight months to life in prison, which included two terms of 25 years to life in prison for the firearm enhancements.

In 2022, defendant filed a motion asking the trial court to resentence him and dismiss the enhancements, pursuant to recently enacted amendments to the Penal Code. The trial court denied the motion because the recent amendments did not apply to defendant's firearm enhancements.  Defendant timely appealed from the order denying his motion.

## DISCUSSION

Defendant's motion asked the trial court to resentence him and dismiss the firearm enhancements from his sentence.  We conclude that none of the new statutes defendant relies on give the trial court jurisdiction over defendant's sentence.  Because the trial court lacked jurisdiction to grant any relief that would affect defendant's substantial rights, he may not appeal from the postjudgment order denying his motion. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  Specifically, once "the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant."  (*Ibid.*) There are statutory exceptions to this rule, which grant trial courts jurisdiction to recall and modify sentences in certain circumstances.  (See, e.g., Pen. Code, §§ 1170.126, 1170.18, 1172.1-1172.6; statutory section citations that follow are found in the Penal Code unless otherwise stated.)  But, "[u]nless an exception to the general rule applies, the trial court did not have jurisdiction to rule on [defendant's] motion and the appeal must be dismissed."  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)  The statutes defendant relies on do not create such an exception.

2

Senate Bill No. 483 (2021-2022 Reg. Sess.) added former sections 1171 and 1171.1 (Stats. 2021, ch. 728, §§ 2-3), now codified as sections 1172.7 and 1172.75 (Stats. 2022, ch. 58, §§ 11-12 [renumbering these sections with no substantive change in the text of the provisions]).  These provisions require trial courts to recall sentences that include prior drug trafficking conviction enhancements and prior prison commitment enhancements and resentence defendants, but only upon notification by the Secretary of the Department of Corrections and Rehabilitation and pursuant to a statutorily proscribed schedule.  (§§ 1172.7, subds. (b) & (c), 1172.75, subds. (b) & (c); see *People v. Scarano* (2022) 74 Cal.App.5th 993, 1005, fn. 11, review pending June 1, 2022, S273830.)  Neither provision permits a trial court to modify a defendant's sentence in response to a motion.  (Cf. *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1725 [provision requiring motion by a court or recommendation from corrections officials to recall sentence does not give defendant "standing to make a motion for recall of sentence"].)

Similarly, Senate Bill No. 81 (2021-2022 Reg. Sess.), which modified section 1385 (Stats. 2021, ch. 721, § 1), does not provide jurisdiction to modify a defendant's sentence.  (See § 1385.)

We see no other basis for jurisdiction, so we conclude the trial court lacked jurisdiction to grant any relief in response to defendant's motion.  "Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights.  [Citation.]  Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order,' and the appeal must be dismissed." (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

DISPOSITION

The appeal is dismissed.

3

_____
HULL, Acting P. J.

We concur:


_____
MAURO, J.


_____
MESIWALA, J.

4