Filed 12/12/23  P. v. Terrell CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD TERRELL,<br><br>        Defendant and Appellant. | C098363<br><br>(Super. Ct. Nos.<br>STKCRFE20010008359 &<br>SF083165A ) |

Appointed counsel for defendant Edward Terrell asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We dismiss the appeal as one from a nonappealable order but discuss the point defendant raises in his supplemental brief.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2002, in San Joaquin County Superior Court case No. SF083165A, the prosecution charged defendant with second degree robbery.  The prosecution alleged

1

defendant had two prior serious felony convictions both for robbery. A jury found defendant guilty of second degree robbery and, in June 2003, the trial court sentenced defendant to prison for 25 years to life.

On March 1, 2023, defendant filed a motion in propia persona for recall and resentencing pursuant to Assembly Bill No. 1540 (2021-2022 Reg. Sess.) and Penal Code section 1172.1.[1] The trial court denied defendant's motion. The court noted the 120-day period within which it could recall and resentence defendant on its own motion had long since expired. No authorized official had recommended defendant's sentence be recalled. And section 1172.1 does not authorize a defendant to move for recall and resentencing. The court concluded: "Because . . . the court lacks jurisdiction to resentence Defendant on its own motion and none of the authorized agencies have requested that Defendant be resentenced, the provisions of Assembly Bill 1540, as codified in . . . sections 1170 and 1172.1, are inapplicable . . . ."

## DISCUSSION

Appointed counsel filed an opening brief setting forth the relevant background and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant filed a supplemental brief that we address after discussing appealability.

As to appealability, we conclude the trial court correctly determined it lacked jurisdiction to grant defendant relief on his motion pursuant to section 1172.1. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman*

---

[1] Further undesignated section references as to the Penal Code. Defendant filed his petition pursuant to former section 1170.03. Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 without substantive changes. (Stats. 2022, ch. 58, § 9.) We cite to section 1172.1.

(1992) 4 Cal.4th 335, 344.) "Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant." (*Ibid*.) Unless an exception to this general rule applies, once execution of the sentence has commenced, a trial court will lack jurisdiction to rule on a motion such as one to modify a sentence, and the appeal from the denial of such a motion must be dismissed. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

Section 1172.1 does provide a limited statutory exception to the general rule, granting trial courts jurisdiction to recall and resentence defendants under specified circumstances. Those circumstances are: "within 120 days of the date of commitment on [the court's] own motion," or "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case . . . ." (§ 1172.1, subd. (a)(1).) Section 1172.1 does not grant trial courts jurisdiction to recall and resentence on a defendant's motion. (Cf. *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1725 [provision requiring motion by a court or recommendation from corrections officials to recall sentence does not give defendant "standing to make a motion for recall of sentence"].)

We conclude the trial court lacked jurisdiction to grant any relief in response to defendant's motion. Because the court lacked jurisdiction to recall defendant's sentence and resentence him under section 1172.1, "denial of his motion to modify his sentence could not have affected his substantial rights. [Citation.] Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order,' and the appeal must be dismissed." (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see § 1237, subd. (b) [appeal may be taken by defendant from "any order made after judgment, affecting the substantial rights of the party"].)

Turning to defendant's supplemental brief, in a prior appeal in San Joaquin County Superior Court case Nos. STKCRFE19950005931 and SC058164A, this court reversed the denial of defendant's section 1170.18 petition and remanded for further proceedings. (*People v. Terrell* (Jan. 22, 2019, C086533) [nonpub. opn.].) In his supplemental brief, defendant requests that we order him released based on our prior reversal of the denial of his section 1170.18 petition. It appears defendant's contention is that, after the reduction of his conviction of receiving stolen property to a misdemeanor pursuant to section 1170.18, that conviction could no longer support a "Three Strikes" sentence.

The record does not establish the receiving stolen property conviction was one of defendant's prior strike convictions. Absent additional circumstances, receiving stolen property is not a serious or violent felony. (§§ 667.5, subd. (c), 1192.7, subd. (c).) The charging information indicates defendant's two prior strike convictions were both for robbery. There was an allegation in the information concerning a prior conviction of receiving stolen property. However, that allegation was that defendant served a prior prison term for that offense, not that it was a prior strike conviction. Moreover, that allegation is crossed out, suggesting it may have been stricken from the information. Even if the matter were properly before us, defendant has not demonstrated entitlement to relief.

DISPOSITION

The appeal is dismissed.


                                  /s/                    
                                  MESIWALA, J.


We concur:


 /s/                    
MAURO, Acting P. J.


 /s/                    
DUARTE, J.