Filed 1/23/24  P. v. Goree CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098878 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F07315) |
| v. | |
| VINCENT GOREE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Vincent Goree asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We conclude defendant has appealed from a nonappealable order and dismiss the appeal.  (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134-135.)

FACTUAL AND PROCEDURAL BACKGROUND

In 2000, a jury found defendant guilty of carjacking and possessing a firearm as a felon.  As to the carjacking, the jury found true defendant personally used a semiautomatic firearm.  The jury also found true three prior strikes.  The trial court

1

imposed a 25-year-to-life sentence for the carjacking with a 10-year consecutive sentence for the firearm enhancement and a five-year consecutive sentence for one of the strike priors that was also a prior serious felony, and stayed the sentence for the felon in possession of a firearm. The trial court also imposed a $10,000 restitution fine, a matching parole revocation fine that was suspended pending revocation of parole, and $3,035 in victim restitution. Defendant appealed, and this court affirmed the judgment. (*People v. Goree* (April 24, 2002, C035579) [nonpub. opn.].)

In January 2023, defendant filed a motion to modify his restitution fines, claiming the $10,000 restitution fine violated his Eighth Amendment rights under the United States Constitution and citing *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted, November 13, 2019, S257844. The trial court dismissed defendant's motion, relying on *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1203-1204 and explaining the judgment was final, so it lacked jurisdiction to modify the sentence.

Defendant filed a timely notice of appeal.

DISCUSSION

With limited exceptions, once judgment is rendered, the sentencing court lacks jurisdiction to vacate or modify the sentence. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084-1085 [referencing former Penal Code § 1170, subd. (d)(1)]; *People v. Karaman* (1992) 4 Cal.4th 335, 344; further section references are to the Penal Code.) If a trial court does not have jurisdiction to rule on a motion to modify a sentence, an order denying the motion is not appealable, and the appeal must be dismissed. (*Torres,* at pp. 1084-1085; *People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135; *People v. Turrin, supra*, 176 Cal.App.4th at p. 1208, citing § 1237, subd. (b).) There are statutory exceptions to the general jurisdiction rule precluding resentencing (see, e.g., §§ 1170.126, 1170.18, 1172.6), and the courts may correct computational and clerical errors at any time. (*Turrin,* at p. 1205.) In addition, a court may recall a sentence and resentence a

defendant under certain circumstances within 120 days of a defendant's commitment. (§ 1172.1.)

The execution of defendant's sentence began in 2000, more than 20 years before he filed the motion here. None of the exceptions apply. As the trial court correctly observed, it lacked jurisdiction to modify defendant's restitution fines. (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 713.) The dismissal of a motion the trial court has no jurisdiction over "does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639; see also *People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135; *People v. Turrin, supra*, 176 Cal.App.4th at p. 1208, citing § 1237, subd. (b); *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.)

## DISPOSITION

The appeal is dismissed.


/s/
MESIWALA, J.



We concur:



/s/
MAURO, Acting P. J.



/s/
RENNER, J.

3