Filed 2/26/24  P. v. Alford CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO S. ALFORD,<br><br>    Defendant and Appellant. | 2d Crim. No. B330261<br>(Super. Ct. No. 20F-02462-A)<br>(San Luis Obispo County) |

Mario S. Alford appeals from the trial court's postjudgment order denying his motion in propria persona for recall and resentencing.  (Pen. Code, §§ 1172.1, 1385).[1]  We appointed counsel to represent appellant on appeal.  After an examination

_____

[1] All further statutory references are to the Penal Code.

Appellant filed his petition pursuant to former section 1170.03.  Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 without substantive changes.  (Stats. 2022, ch. 58, § 9.)  We cite to section 1172.1.

of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant filed a supplemental brief. Because appellant has appealed from a nonappealable order, we dismiss the appeal.

*Procedural Background*[2]

A jury convicted appellant of robbery (§ 211) and found true the allegation that he personally used a firearm (§ 12022.53, subd. (b)). The trial court found true the allegations that he had multiple serious prior convictions (§ 667, subd. (a)) and two "strike" convictions. (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c).) It sentenced him to 25 years to life in state prison for robbery as a third striker; plus 10 years for the firearm enhancement; plus 10 years for two prior serious felony convictions.

We affirmed appellant's conviction in a nonpublished opinion. (*People v. Alford*, *supra*, B312837).)

In December 2022, appellant filed a motion for resentencing asking the trial court to strike or dismiss his section 667, subdivision (a) priors and the section 12022.53, subdivision (b) enhancement pursuant to section 1385. After appointing counsel and reviewing the moving papers, the trial court denied the motion.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record

---

[2] The following procedural facts are taken from our opinion on direct appeal, *People v. Alford* (July 26, 2022, B312837) [nonpub. opn.].

pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id.* at p. 232.) But first, we address the issue of appealability.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634.)

Here, the trial court did not have jurisdiction to modify appellant's sentence on his own motion. (See § 1172.1, subd. (a)(1); *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1726.) Therefore, the denial of appellant's motion could not have affected his substantial rights and is not an appealable order. (See *Chlad*, at p. 1726; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

In his supplemental brief, appellant contends his sentence is invalid because the trial court did not apply section 213, which provides allowable base terms of two, three, or five years for second degree robbery. (*Id.*, subd. (a)(2).) Instead, he contends, his sentence is "all enhancements." Appellant also contends the enhancements should be stricken or dismissed pursuant to section 1385 as amended by Senate Bill No.'s 81 and 1393. Appellant's contentions are meritless.

First, appellant was properly sentenced pursuant to the "Three Strikes" law, which creates an alternative sentencing

3

scheme and is not an enhancement. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 527.)

Second, Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice, is inapplicable here because it became effective after appellant was sentenced in May 2021. (Stats. 2021, ch. 721, § 1, enacting § 1385, subd. (c)(7) ["This subdivision shall apply to all sentencings occurring after January 1, 2022"].)

Third, resentencing is not required by Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1, 2). Senate Bill No. 1393, effective January 1, 2019, amended sections 667, subdivision (a) and 1385, subdivision (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. However, nothing in the record suggests the trial court was unaware of its discretion to strike or dismiss appellant's section 667, subdivision (a) priors when it imposed sentence. Appellant is not entitled to resentencing.

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

4

Michael Duffy, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon, David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.