Filed 5/13/24  P. v. Hampton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082700 |
| v. | (Super.Ct.No. FWV20001565) |
| DURRELL DESHAWN HAMPTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon. D. Ferguson, Judge.  Dismissed.

Durrell Deshawn Hampton, in pro. per.; and Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Durrell Deshawn Hampton appeals from a postjudgment order denying his petition to strike a sentencing enhancement, pursuant to Senate Bill No. 1393. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief. We have reviewed defendant's brief and dismiss the appeal.

## PROCEDURAL BACKGROUND

Defendant was charged by second amended felony complaint with various felonies, including assault with a firearm (Pen. Code[1], § 245, subd. (a)(2)) and inflicting corporal injury on a spouse (§ 273.5, subd. (a)), as well as allegations of inflicting great bodily injury (GBI) (§ 12022.7, subd. (a)) and personally using a firearm (§ 12022.5, subd. (a)). On August 26, 2021, an allegation of inflicting GBI under circumstances involving domestic violence (§ 12022.7, subd. (e)) was added, upon motion of the People. The defendant subsequently entered into a plea agreement with the People and pled no contest to one count of assault with a firearm (§ 245, subd. (b), count 1) and admitted as true the section 12022.7, subdivision (e) GBI allegation. The court dismissed the remaining counts and allegations, pursuant to a motion by the People. The trial court then sentenced defendant in accordance with the terms of the plea agreement to three years on count 1, plus a consecutive five years on the GBI enhancement, for a total term of eight years in state prison.

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

On November 1, 2023, defendant filed an in propria persona "Petition to Strike/Remove 5-Year Enhancement and Sentence" (all caps omitted) pursuant to Senate Bill No. 1393. On November 3, 2023, the court dismissed the petition.

Defendant filed a notice of appeal of the denial of the petition, in propria persona.

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that his counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The notice advised him that he could file a supplemental brief within 30 days. Defendant has done so. Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Ibid.*) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*) Defendant filed a one-page handwritten letter which simply states that he needs a "reconsideration of [his] conviction" (all caps omitted) because "a number of Assembly Bills and Senate Bills have been applied to [his] conviction and [he] qualif[ies] for a number of them." (All caps omitted.)

On the court's own motion, this appeal filed from the trial court's denial of defendant's postjudgment, nonstatutory petition to strike a sentencing enhancement pursuant to Senate Bill No. 1393 is dismissed because it does not affect defendant's substantial rights. (Pen. Code, § 1237, subd. (b).) The trial court lacked jurisdiction to

3

modify defendant's sentence. (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).) As explained more fully in *People v. Burgess* (2022) 86 Cal.App.5th 375 (*Burgess*), once a criminal judgment becomes final, courts no longer have jurisdiction to vacate or modify a sentence absent an exception to the jurisdictional bar. (*Id.* at p. 381; see *People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) Section 1172.75 prescribes the procedure for resentencing affected defendants. The Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b); see *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.) Nothing in this statute authorizes a defendant to bring this motion whether the defendant was sentenced before or after January 1, 2020.[2]

Accordingly, in *Burgess*, since the defendant's resentencing petition was unauthorized by statute, the trial court did not have jurisdiction to adjudicate it. (*Burgess*,

---

[2] Section 1172.75, subdivision (a), provides as follows: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

4

*supra*, 86 Cal.App.5th at p. 382.) As such, the appellate court did not have jurisdiction over the defendant's appeal from the denial of the motion. (*Ibid*.; *King*, *supra*, 77 Cal.App.5th at p. 634.) Thus, the court dismissed the appeal. (*Burgess*, at p. 385; see *King*, at p. 634.)

Here, defendant sought to strike a sentencing enhancement under the authority of Senate Bill No. 1393. Penal Code section 1172.75 does not authorize an individual defendant to seek such relief. Thus, the trial court did not have jurisdiction to adjudicate defendant's motion. (*Burgess*, *supra*, 86 Cal.App.5th at pp. 381-382; see *King*, *supra*, 77 Cal.App.5th at p. 634.) Since the court lacked jurisdiction when it denied defendant's petition, the court's order could not have affected his substantial rights. (*Chlad*, *supra*, 6 Cal.App.4th at pp. 1725-1726.) Accordingly, the court's order on defendant's petition to strike a sentencing enhancement is not an appealable order, and the appeal must be dismissed. (*Id*. at p. 1725; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see also *King*, at p. 634.)

DISPOSITION

The appeal is ordered dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____<br>J.

We concur:

MILLER _____
      Acting P. J.

MENETREZ _____
      J.