Filed 5/17/24  P. v. Brooks CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>JOE RAY BROOKS,<br><br>       Defendant and Appellant. | C099821<br><br>(Super. Ct. No. 62-127722) |

Appointed counsel for defendant Joe Ray Brooks asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We conclude defendant has appealed from a nonappealable order and dismiss the appeal.  (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134-135.)

FACTS AND HISTORY OF THE PROCEEDINGS

In 2014, a jury found defendant guilty of first degree burglary (Pen. Code, § 459; statutory section citations that follow are found in the Penal Code unless otherwise stated) and found true an allegation that another person, not an accomplice, was present

1

in the residence at the time of the burglary (§ 667.5, subd. (c)(21)).  Defendant admitted two prior strike burglary convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) from 1985 and 2002, which also constituted serious felonies (§ 667, subd. (a)(1)).

Defendant moved to strike the prior strike convictions and the trial court denied the motion.  The trial court imposed a 25-years-to-life indeterminate sentence, plus a 10-year consecutive determinate sentence.  Defendant appealed, and this court affirmed the judgment.  (*People v. Brooks* (Dec. 29, 2015, C078875) [nonpub. opn.].)

In August 2023, defendant filed a motion to modify his sentence, arguing section 667.5 was unconstitutionally vague under *Johnson v. United States* (2015) 576 U.S. 591.  The trial court denied the motion, noting defendant had not been sentenced under the federal Armed Career Criminal Act, which was at issue in *Johnson*, California law had specific definitions for "serious felony" and "violent felony," and California's Three Strikes Law had been upheld by both state and federal courts against vagueness challenges.

Defendant filed a timely notice of appeal and attached a certificate of probable cause.

## DISCUSSION

With limited exceptions, once judgment is rendered, the sentencing court lacks jurisdiction to vacate or modify the sentence.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084-1085; *People v. Karaman* (1992) 4 Cal.4th 335, 344.)  If a trial court does not have jurisdiction to rule on a motion to modify a sentence, an order denying the motion is not appealable, and the appeal must be dismissed.  (*Torres,* at pp. 1084-1085; *People v. Fuimaono*, *supra*, 32 Cal.App.5th at p. 135; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208, citing § 1237, subd. (b).)  There are statutory exceptions to the general jurisdiction rule precluding resentencing (see, e.g., §§ 1170.126, 1170.18, 1172.6), and courts may correct computational and clerical errors at any time.  (*Turrin*, at p. 1205.)  In

2

addition, at the time the trial court ruled on defendant's motion, a trial court could recall a sentence and resentence a defendant under certain circumstances within 120 days of a defendant's commitment.  (§ 1172.1.)

The execution of defendant's sentence began in 2015, more than eight years before he filed the motion here.  None of the exceptions apply.  Thus, the trial court lacked jurisdiction to modify defendant's sentence.  The denial of a motion the trial court has no jurisdiction over "does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)."  (*People v. King* (2022) 77 Cal.App.5th 629, 639; see also *People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135; *People v. Turrin, supra*, 176 Cal.App.4th at p. 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726.)  Accordingly, the "order denying [the] motion to modify sentence is not an appealable order" and the appeal must be dismissed.  (*People v. Chlad*, at p. 1726.)

## DISPOSITION

The appeal is dismissed.

_____

HULL, Acting P. J.

We concur:


_____

RENNER, J.


_____

FEINBERG, J.