Filed 3/13/25  P. v. Cervantes CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO CERVANTES,<br><br>Defendant and Appellant. | B336106<br><br>(Los Angeles County<br>Super. Ct. No. KA118175) |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Dismissed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Francisco Cervantes appeals from the denial of his motion for reconsideration of the superior court's resentencing order under Penal Code section 1172.75. We lack jurisdiction to consider Cervantes's appeal because he appealed from a nonappealable order. Accordingly, we dismiss the appeal.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

A. *The Original Sentence*

In 2019, Cervantes was convicted of two counts of first degree burglary (Pen. Code, § 459), and the jury found true that the offenses were committed for the benefit of a criminal street gang (§ 186.22(b)(1)(B)).[2] Cervantes admitted three prior prison terms (§ 667.5, subd. (b)). The court sentenced Cervantes to a total of 15 years 4 months in state prison, comprised of: for count 1, the upper term of six years, plus a consecutive five-year term for the gang enhancement and a consecutive three-year term for the three one-year prior prison term enhancements; for count 2, a consecutive 16-month term (one-third the middle term of 48 months) plus a concurrent term of five years for the gang enhancement.

B. *Resentencing Pursuant to Section 1172.75*

On August 17, 2022, the superior court recalled the 2019 sentence in response to notice from the Secretary of the

---

[1] The circumstances of the underlying offenses are not relevant to the issue raised on appeal.

[2] All further references are to the Penal Code.

California Department of Corrections and Rehabilitation that Cervantes was eligible for relief under former section 1171.1, subdivision (c).[3] The court resentenced Cervantes by striking the three one-year prior conviction enhancements and imposing but staying the gang enhancement in count 2 (the court had previously imposed it to run concurrently). This resulted in a new sentence of 12 years four months. A new abstract of judgment was filed on August 22, 2022. Cervantes did not appeal from this sentence and instead proceeded as described below.

On August 29, 2022, Cervantes, through counsel, filed a "motion to recall sentencing pursuant to Cal. Penal Code § 1172.75." The motion was filed "on the grounds that the Court's ruling denied Cervantes his right to a full resentencing under Penal Code section 1172.75(a)(2)." Cervantes stated, "A full resenting [*sic*] would address the imposition of the high term on the base count and the P.C. 186.22 enhancement which added 5 years to petitioner's sentence." Cervantes asserted the court had "the inherent authority to rehear or reconsider its own rulings at any time" until its decision became final after 60 days or after a notice of appeal was filed.

For reasons that are unclear in the record, the court did not rule on Cervantes's motion challenging his August 17 resentencing within 60 days (which Cervantes asserted was the deadline) nor within 120 days (after which, as explained in the Discussion below, the court lost jurisdiction to recall Cervantes's sentence). And yet the following year, on April 11, 2023, the People filed an opposition to Cervantes's motion on the ground he

---

[3]    Section 1171.1 was renumbered to section 1172.75, effective June 30, 2022. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 305, fn. 2; Stats. 2022, ch. 58, § 12 (Assem. Bill No. 200).)

3

was a danger to public safety under section 1172.75, subdivision (d)(1). Cervantes did not file a reply.

On November 21, 2023, Cervantes, through counsel, filed a "supplemental petition to recall and resentence defendant" asking the court to resentence him on count 1 to the middle term of four years; and in count 2, to impose a concurrent, rather than consecutive, 16-month term or that the sentence should be "stayed pursuant to [Penal Code] § 1385."

On December 5, 2023, the superior court conducted a hearing on Cervantes's motion. Defense counsel argued for the sentence requested in the briefing. After considering defense counsel's argument, the court declined to reduce the sentence on count 1. The court concluded it had authority to impose the upper term because that was the original sentence based on consideration of aggravating factors. Defense counsel then requested, in the alternative, that the 16-month term for count 2 be imposed concurrently rather than consecutively. Defense counsel advised the court Cervantes would be parole eligible in March 2024 and the effect of a concurrent term would be a reduction of three-and-one-half months from the current sentence of 12 years four months.

The People stated they would agree to remove the stay on the count 2 gang enhancement and impose a term of one-third the five-year enhancement. The court observed this would result in an increase to Cervantes's current sentence, even if it was less than the original sentence. The People suggested that was allowable under the statute. Defense counsel responded, "I believe it would be an increase in the sentence. I would then respectfully withdraw Mr. Cervantes' petition." The court

4

determined it would not recall the sentence and left the sentence as entered on August 17, 2022.

On December 8, 2023, Cervantes filed a notice of appeal from the December 5 order.

## DISCUSSION

A.    *The Parties' Appealability Contentions*

Cervantes argued in his opening brief that, "This appeal is from the resentencing hearing pursuant to Penal Code, section 1172.75 which affects appellant's substantial rights and is authorized by Penal Code, section 1237, subdivision (b)." He raised the same merits arguments challenging his sentence as he did in the superior court.

In the respondent's brief, the People argued the appeal should be dismissed on jurisdictional grounds. The People contended the superior court lacked jurisdiction to consider Cervantes's "freestanding motion for another resentencing hearing" because section 1172.75 relief may be initiated only by the Secretary of the Department of Corrections and Rehabilitation or the county correctional administrator of each county. As a result, the December 5, 2023 order denying the motion was not appealable and the appeal must be dismissed.

On reply, Cervantes asserted he was properly identified by the Secretary of the Department of Corrections and Rehabilitation and his subsequent "motion to recall resentencing pursuant to Cal. Penal Code § 1172.75" was actually a motion for reconsideration of the court's August 17, 2022 sentence. Alternatively, Cervantes asserted the superior court had jurisdiction under section 1172.1, subdivision (a)(1), which allows

5

the court, on its own motion, to recall the sentence and resentence the defendant "within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."

We asked for supplemental briefing on the appealability of the superior court's December 5, 2023 order.[4]  In his supplemental brief, Cervantes conceded his August 29, 2022 motion to recall resentencing was unappealable as a motion for reconsideration, citing *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, footnote 2 ("An order denying a motion for reconsideration is not an appealable order.").  Cervantes argued for the first time on appeal that the Public Defender's Office had declared a conflict, and he should have been represented by the alternate public defender at the August 17, 2022 resentencing hearing.  The deputy public defender who appeared on his behalf did not request the court conduct a full resentencing.  As a result, the alternate public defender filed the motion to recall the sentence on August 29, 2022.  According to Cervantes, the superior court had jurisdiction pursuant to section 1172.1 to reconsider its sentence within 120 days.  Cervantes further argued that since he was "denied the correct attorney and procedure (full resentencing) at the initial hearing [i.e., the one held on August 17, 2022], that hearing should be deemed null and void, and the December 5, 2023 hearing should be viewed as

---

[4]    We also asked for briefing on "the effect . . . of defense counsel's oral withdrawal of the petition for resentencing at the hearing on December 5, 2023."  The parties contend, and we agree, that defense counsel's comment at the sentencing hearing has no effect on this appeal.

6

the primary hearing, so that sentencing decision is an appealable order." Lastly, Cervantes requested we treat his appeal as a petition for writ of mandate.

The People argued in their supplemental brief that it is "well-settled" a denial of a motion for reconsideration is not an appealable order. According to the People, Cervantes was required to appeal from the August 17, 2022 order and his December 8, 2023 notice of appeal was untimely.

B.      *We Lack Jurisdiction over the Appeal*

"It is rudimentary that an appellate court has jurisdiction over a direct appeal only where there is an appealable order or an appealable judgment." (*People v. Gray* (2024) 101 Cal.App.5th 148, 157.) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

We conclude we lack jurisdiction over this appeal, and it must be dismissed. First, Cervantes essentially challenges the sentence rendered at the August 17, 2022 hearing, but he did not file a timely notice of appeal from that order. (See *People v. Thomas* (1959) 52 Cal.2d 521, 527.) Instead, his notice of appeal was filed on December 8, 2023, well outside of the 60-day period in which to file a notice of appeal. (See Cal. Rules of Court, rule 8.308(a); see also *In re Chavez* (2003) 30 Cal.4th 643, 650 [the time frame for a notice of appeal is essential to the finality of judgments].)

Next, Cervantes contends the superior court recalled and resentenced him on December 5, 2023 according to its discretionary powers under section 1172.1, rendering his

December 8 appeal timely. The superior court lacked jurisdiction to conduct a resentencing hearing on December 5, 2023 because Cervantes was sentenced on August 17, 2022. Section 1172.1, subdivision (a)(1), authorizes a superior court to recall and resentence a defendant "within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."[5] Under this statutory provision, the superior court retained jurisdiction to recall Cervantes's sentence only until December 15, 2022 (120 days from August 17, 2022). (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 995 [collecting cases discussing the 120-day jurisdictional rule]; *People v. Roe* (1983) 148 Cal.App.3d 112, 118 (*Roe*) ["[T]he 120-day limitation of section 1170, subdivision (d) is jurisdictional."].)[6] It is of no consequence that Cervantes filed his August 29, 2022 motion to recall sentence within 120 days of the August 17, 2022 sentencing. The superior court did not recall his sentence within the time specified under section 1172.1, and thus the court lacked jurisdiction to resentence Cervantes. That means we in turn lack jurisdiction over his appeal. (See *People v.*

---

[5]     Cervantes does not contend the court had authority to recall and resentence him due to a change in the sentencing laws. Indeed, the court had already recalled and resentenced Cervantes as a result of the change brought by section 1172.75.

[6]     The Legislature amended the recall and resentencing provision of former section 1170 to former section 1170.03 and then renumbered it as section 1172.1. (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1080; Stats. 2022, ch. 58, § 9 (Assem. Bill No. 200).)

*Burgess* (2022) 86 Cal.App.5th 375, 382; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1725 (*Chlad*).)

Third, we reject Cervantes's assertion the superior court's August 17, 2022 ruling is null and void because he was denied the correct attorney.  This argument is forfeited as it was raised for the first time in his supplemental brief on appeal.  (See *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 936 [new arguments raised for first time in supplemental brief are forfeited].)  Although Cervantes's August 29, 2022 motion in the superior court stated his attorney "had not been relieved as attorney of record and was not notified of the hearing," he did not assert this as a basis to recall or set aside his sentence.

Fourth, we conclude section 1237, addressed in the opening brief, also does not help Cervantes.  Under that section, a defendant may appeal from (1) a final judgment of conviction and (2) "any order made after judgment, affecting the substantial rights of the party."  (§ 1237, subds. (a) & (b).)  As in *Chlad, supra*, 6 Cal.App.4th at page 1726, "since we have concluded the [superior] court no longer had jurisdiction to recall [the defendant's] sentence when it issued the order denying his motion, denial of the motion could not have affected [his] substantial rights."  (*Ibid.*; see *Roe, supra,* 148 Cal.App.3d at p. 118 [judgment entered by the court after losing its jurisdiction to recall a sentence has no effect on substantial rights and cannot be appealed].)

Finally, we decline Cervantes's request that we treat his appeal as a petition for writ of mandate.  Cervantes has not demonstrated extraordinary or unusual circumstances warranting writ relief.  (See *People v. Superior Court (Farley)* (2024) 100 Cal.App.5th 315, 324; see also *H.D. Arnaiz, Ltd. v.*

*County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 ["An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances."].) Nor would he be entitled to mandate because the court lacked jurisdiction to resentence him. (See *Chlad*, *supra*, 6 Cal.App.4th at p. 1726, fn. 7 ["Because the trial court did not have jurisdiction to grant [the] motion, we reject [defendant's] assertion his appeal can be treated as a petition for writ of mandate. "'Mandate may not issue to compel action which is not within the court's jurisdiction.'"'"].)[7]

## DISPOSITION

The appeal is dismissed.


MARTINEZ, P. J.


We concur:



SEGAL, J.                              FEUER, J.

---

[7] To the extent Cervantes remains in custody, he may choose to file a petition for a writ of habeas corpus, as noted by the People. We express no view regarding such a petition.

10