Filed 8/18/25  P. v. Scott CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EARL SCOTT,<br><br>Defendant and Appellant. | A171792<br><br>(Alameda County<br>Super. Ct. No. 142334) |

Defendant Michael Earl Scott appeals from the trial court's postconviction order denying his motion for resentencing pursuant to Penal Code section 1385 for lack of jurisdiction.[1]  His appointed appellate counsel filed a brief raising no issues on appeal and asking us to exercise our discretion to conduct an independent review of the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant thereafter exercised his right to file a supplemental brief raising issues for our consideration.  Having reviewed defendant's supplemental brief and the record on appeal in accordance with the procedures set forth in *Delgadillo*, we dismiss his appeal.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

On the night of October 6, 2001, defendant and two other men exited a car near the corner of 31st Street and Martin Luther King Way in Oakland. Defendant approached Eugene Abraham, who was drinking and smoking marijuana with some friends, and shot him three times, killing him.

On June 3, 2002, defendant was convicted of one count of first degree murder (§ 187, subd. (a)); four counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2)); and one count of possession of a firearm by a convicted felon (§ 12021, subd. (a)(1)). The trial court sentenced defendant to a determinate term of nine years eight months and an indeterminate term of 25 years to life, plus 25 years for a firearm enhancement pursuant to section 12022.53, subdivision (d).

On March 11, 2004, this court affirmed defendant's conviction in a nonpublished opinion (*People v. Scott* (Mar. 11, 2004, A099394)).

On July 26, 2024, defendant filed a motion seeking to dismiss the section 12022.53, subdivision (d) firearm enhancement in "furtherance of justice" pursuant to section 1385. On September 24, 2024, the trial court dismissed defendant's motion for lack of jurisdiction.

On October 22, 2024, defendant filed a notice of appeal from the court's September 24, 2024 order.[2]

---

[2] On November 22, 2024, defendant filed additional documents that included a request for resentencing as to the section 12022.53 enhancement as well as a prior serious felony under section 667, subdivision (a), arguing that the court had jurisdiction under section 1172.75. These documents also included various certificates earned by defendant in state prison; copies of an information and a consolidated information alleging prior prison terms under former section 667.5, subdivision (b); and a 2022 minute order denying relief under Sentate Bill No. 483 (2021–2022 Reg. Sess.).

## DISCUSSION

We exercise our discretion under *Delgadillo* to consider defendant's appeal in light of his filing a supplemental brief. (*Delgadillo, supra*, 14 Cal.5th at pp. 232–233 [when a defendant seeks postjudgment resentencing relief and counsel files a brief raising no issues, record review is discretionary, and if the defendant does not file a supplemental brief, reviewing court may dismiss the appeal as abandoned].)

Defendant argued in his motion before the trial court that his enhancement under section 12022.53, subdivision (d) should be dismissed "in furtherance of justice" because, in his case, the enhancement's application "result[ed] in a sentence of over 20 years."[3] (§ 1385, subd. (c)(3).) The trial court denied defendant's motion for lack of jurisdiction after finding there were no pending criminal proceedings and the judgment against defendant was long final.

In supplemental briefing, defendant expands his arguments to include the following: (1) the record on appeal does not support imposition of the section 12022.53, subdivision (d) enhancement; (2) his sentence for the section 12022.53, subdivision (d) enhancement should be stayed pursuant to

---

[3] Section 1385, subdivision (c), as amended effective January 1, 2022, provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Relevant here, one such mitigating circumstance is: "(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(3); see Stats. 2021, ch. 721, § 1.)

section 654 because it was based on "the same act" underlying his murder conviction; (3) similarly, his sentence for being a felon in possession of a firearm is impermissibly based on the same "indivisible course conduct [*sic*]" as the enhancement and murder count; and (4) the trial court has jurisdiction to conduct a full resentencing in this case pursuant to section 1172.75.

We conclude the trial court correctly denied defendant's motion on jurisdictional grounds. "[O]nce a judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section 1170, subdivision (d). [Citation.] Section 1170, subdivision (d), allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464 [279 Cal.Rptr. 834, 807 P.2d 1063].) Indeed, 'the court loses "own-motion" jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]' (*Ibid.*, italics omitted.)" (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134 (*Fuimaono*).) Here, the judgment against defendant, affirmed on direct appeal over 20 years ago, has long been final. (See *People v. Scott, supra*, A099394.)

Defendant nonetheless seeks resentencing pursuant to section 1385, as recently amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) and Senate Bill No. 620 (2017–2018 Reg. Sess.). "The Legislature may give defendants whose judgments are final the benefits of newly enacted laws. (See, e.g., *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 [179 Cal.Rptr.3d 365, 336 P.3d 686] ['Section 1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion'].)" (*Fuimaono,*

4

*supra*, 32 Cal.App.5th at p. 135.)  However, neither Senate Bill No. 620 nor Senate Bill No. 81 contains language authorizing resentencing of convictions once they are final.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674 [the requirements of § 1385 as amended " 'shall apply to sentencings occurring after the effective date of' Senate Bill No. 81.  (§ 1385, subd. (c)(7), added by Stats. 2021, ch. 721, § 1.)"]; *People v. Grajeda* (2025) 111 Cal.App.5th 829, 840, fn. 6 ["Senate Bill No. 620 authorizes a court to strike an enhancement during 'any resentencing that may occur pursuant to any other law' (§ 12022.53, subd. (h)), but it does not authorize a defendant to seek retroactive relief under section 12022.53, subdivision (h), absent an independent ground for resentencing"].)  And, absent any authority to resentence defendant under these bills, the trial court indeed lacked jurisdiction to grant defendant's resentencing request.[4]  (*Fuimaono, supra,* at p. 135; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.)

Moreover, because the trial court lacked jurisdiction to modify defendant's sentence, the court's denial of his motion to modify his sentence could not have affected his substantial rights.  (*People v. Chlad, supra*, 6 Cal.App.4th at p. 1726.)  As such, the " 'order denying [the] motion to modify sentence is not an appealable order,' and the appeal must be dismissed." (*Fuimaono, supra*, 32 Cal.App.5th at p. 135.)

---

[4] Defendant argues for the first time in supplemental briefing that the trial court had jurisdiction to resentence him under section 1172.75.  Not so. Section 1172.75 expressly applies only to "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . ."  (§ 1172.75, subd. (a).)  Here, defendant's enhancement was imposed pursuant to section 12022.53, subdivision (d) rather than section 667.5.

## DISPOSITION

The appeal is dismissed.


Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.

A171792/*People v. Michael Earl Scott*

6